JACOB H. FLEISCH *et al.*, Respondents, v. INSURANCE COMPANY OF NORTH AMERICA, Appellant.

St. Louis Court of Appeals, May 29, 1894.

1. **Insurance**: FIRE: VALIDITY OF CONDITIONS OF POLICY. Conditions in a policy of fire insurance, providing for the inspection of the books of the insured, the production of vouchers by him, and an examination of him under oath or affirmation, are valid even to the extent that the violation of them works an absolute forfeiture.

2. ———: ———: PLACE OF COMPLIANCE WITH CONDITIONS. The place of business of a trading concern whose stock in trade is insured, and not the place of residence of the insured, is the proper place for his compliance with said conditions when none other is specified by the policy.

3. ———: ———: TIMELY DEMAND. An insurance company, a few days after receiving proofs of loss, demanded of the insured that he should comply with these conditions, and requested him to at once designate a time therefor. He returned no answer, and thereupon the company repeated its demand with the designation of a date, doing so first about a month after its initial demand, and again some time later. *Held*, that timely demand had been made.

4. ———: PROVISION FOR ARBITRATION. *Semble*, that the pendency of an arbitration to determine the amount of the loss under a policy of fire insurance in suit herein was not a defense in bar or abatement to the action, though good ground for the continuance of the trial on proper application.

5. ———: FRAUDULENT NEGLIGENCE. Negligence of the insured is one of the risks insured against by a policy of fire insurance, but not fraudulent negligence. Regardless of any provision to that effect in the policy, the insured can not recover for loss by a fire on his premises which originated through his own neglect and could readily have been extinguished by him, if, though aware of it, he made no effort to put it out.

6. ——: ——: INSTRUCTIONS. An instruction, based upon the theory of such fraudulent negligence, may group together a series of facts of which there is evidence, and declare that they establish such negligence if that is their legal effect.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*Fyke, Yates & Fyke, G. W. Barnett* and *McVey & Cheshire* for appellant.

(1) Where the policy provides for an examination under oath, it is the duty of the assured to submit to such examination, and his failure to do so prevents his recovery. *Bonner v. Home Ins. Co.*, 13 Wis. 677; *Grigsby v. German Ins. Co.*, 47 Mo. App. 276; *Weide v. Germania Ins. Co.*, 1 Dill. 441; *Hanes v. Phœnix Ins. Co.*, 35 Conn. 310; *Mueller v. Ins. Co.*, 45 Mo. 84; *Eiseman v. Hawkeye Ins. Co.*, 74 Iowa, 11; *Guss v. St. Paul F. & M. Ins. Co.*, 22 Fed. Rep. 22. (2) The court erred in sustaining plaintiff's objection to the evidence, which, without controversy, showed that the parties had in writing agreed to an appraisement, that appraisers had been duly chosen and had qualified and entered upon their duties, and in failing to hold that such appraisement and award under the terms of the policy, was a condition precedent to the right of recovery. *Kahnweiler v. Ins. Co.*, 57 Fed. Rep. 562; *Gorman v. Ins. Co.*, 11 C. L. 224; *Elliott v. Ins. Co.*, L. R. 2 Ex. 237; *Viney v. Bignold*, L. R. 20 Q. B. Div. 172; *Scott v. Ins. Co.*, 66 L. T. 811; *Trainor v. Ins. Co.*, 65 L. T. 825; *Hamilton v. Ins. Co.*, 136 U. S. 242; *Adams v. Ins. Co.*, 70 Cal. 198; *Seward v. City of Rochester*, 109 N. Y. 164; *Uhreg v. Ins. Co.*, 101 N. Y. 362; *Morley v. Ins. Co.*, 85 Mich. 210; *Viney v. Ins. Co.*, 57 L. J. R. Q. B. 582. The condition of the policy

is that the determination of the amount of loss by arbitrators is a condition precedent to the right to sue. *Hanover Fire Ins. Co. v. Lewis*, 28 Fla. 209; *Mosness v. Ins. Co.*, 52 N. W. Rep. 932; *Chippewa Lumber Co. v. Ins. Co.*, 44 N. W. Rep. 1055; *Hutchinson v. Ins. Co.*, 153 Mass. 143; *Carroll v. Ins. Co.*, 72 Cal. 297; *Ins. Co. v. Claney*, 71 Tex. 5; *Gouche v. Ins. Co.*, 10 Fed. Rep. 347; *Wolfe v. Ins. Co.*, 50 N. J. L. 453; *Pioneer Mfg. Co. v. Ins. Co.*, 106 N. C. 28; *Herndon v. Ins. Co.*, 107 N. C. 183. (3) The court erred in excluding from the jury the evidence of the demand made by the defendant upon the insured to undergo an examination under oath, and to produce for the inspection of the company's adjuster the bills, invoices, vouchers and papers of the assured, and in excluding the evidence of the failure of the assured to comply with said demand. *Farmers' Ins. Co. v. Mispelhorn*, 50 Md. 180; 53 Md. 473; *Jones v. Ins. Co.*, 117 N. Y. 103; *O'Brien v. Ins. Co.*, 63 N. Y. 108; *Worsley v. Wood*, 6 T. R. 710; *Columbian Ins. Co. v. Lawrence*, 2 Pet. 52; *Jube v. Ins. Co.*, 28 Barb. 412; *Jennings v. Mut. Ins. Co.*, 2 Den. 75; *Gross v. Ins. Co.*, 14 I. L. J. 159; *Bumstead v. Ins. Co.*, 12 N. Y. 93; *Phillips v. Ins. Co.*, 14 Mo. 235; *Titus v. Ins. Co.*, 81 N. Y. 410; *Cameron v. Ins. Co.*, 7 U. C. C. P. 234; *Claffin v. Ins. Co.*, 110 U. S. 81; *Cinque Mais v. Ins. Co.*, 15 U. C. Q. B. 143. Where the time for bringing suit expires before the appraisement is completed, the effect is to extend the time for bringing suit. *Dibbrall v. Ins. Co.*, 14 S. E. Rep. 783. (4) Insurance policies are to be construed by the court like other contracts. *Crane v. Ins. Co.*, 3 Fed. Rep. 558; *Home Ins. Co. v. Baltimore W. Co.*, 93 U. S. 541. The place where a contract is to be performed is the place where the contract is made, unless the contrary clearly appears in the contract. In the case at bar the contract was made, signed and deliv-

ered at Glasgow, Missouri, which place was the place of performance. *De Sorbey v. De Larstre*, 2 Har. & J. 191; *Benners v. Clemens*, 8 Smith (Pa.), 24; *Rice v. Churchill*, 2 Denio, 145; 2 Parsons on Contracts, *163; Bishop on Contracts, sec. 731; *Golson v. Ebert*, 52 Mo. 270–272. (5) The court erred in refusing to give defendant's first instruction set forth on page 312 of printed record. There is substantial evidence upon which to base it, and if the facts therein hypothetically stated are true, assured was certainly guilty of culpable negligence within the meaning of the policy.

*Albert Arnstein* for respondent.

(1) An insurance company waives its right to arbitration by omitting to make request therefor during the sixty days preceding maturity of the policy. *Aurora Ins. Co. v. Johnson*, 46 Ind. 315; *Zunenski v. Ins. Co.*, 52 N. W. Rep. (Mich.) 55; *Gibbs v. Ins. Co.*, 13 Hun, 611; *Filley v. Ins. Co.*, 86 Va. 811; *Jones v. Ins. Co.*, 117 N. Y. 103. These sixty days run from the delivery of ordinary proofs of loss; the production of the bills, books and vouchers of the insured and his examination are not parts of these proofs. *McNally v. Ins. Co.*, 50 N. Y. State Rep. 680; *Clover v. Ins. Co.*, 101 N. Y. 279–281. As the demand for arbitration came too late, the court properly excluded evidence pertaining thereto. See authorities cited *supra*. Assured did not waive his right to sue, simply because, for the purpose, if possible, of avoiding litigation, he joined in an agreement to arbitrate. Before an award was made he had a right to, and did, withdraw from the arbitration. (2) Submission to arbitration can not be pleaded in bar. It is no answer to the merits until there is a good and binding award. *Bowen v. Lazatere*, 44 Mo.

383; *Gibbs v. Ins. Co.*, 13 Hun, 618. (3) The correspondence offered by defendant to show demand upon the assured to submit to an examination, and to produce his books and papers, were properly excluded. The demand as made was unreasonable as to the place of examination. *Hammond v. Ins. Co.*, 26 N. B. 371; *American Cent. Ins. Co. v. Sampson*, 43 Ill. App. 98. Moreover, the assured never refused to exhibit his books, etc., or to submit to an examination; there being nothing to the contrary in the policy, the assured was entitled to have such examination made at the place of his residence where he had his books and papers, and in the presence of his attorney. *Thomas v. Ins. Co.*, 47 Mo. App. 169; *Grigsby v. Ins. Co.*, 40 Mo. App. 283; *Hammond v. Ins. Co.*, 26 N. B. 371; *Phillips v. Ins. Co.*, 14 Mo. 233. (4) The court properly refused to give defendant's first instruction. It was throughout a comment on the evidence, and, in addition, stated facts as to which there was not even the slightest evidence; amongst others, that Strouse "locked the door."

ROMBAUER, P. J.—This is an action upon a fire insurance policy by the assignee of the assured. The assured was one Abe Strouse, who did business under the name of Strouse & Company in Glasgow, Missouri; and the property insured was merchandise in a store. At the date of the fire this merchandise was covered by insurance to the amount of $20,500. Of this amount the defendant carried $3,000 on the policy now sued upon, such policy expiring May 1, 1892. On February 19, 1892, the store burned down, and the property insured became a total loss.

The plaintiffs' petition states the insurance and total loss, and also that the property destroyed was of the value of $24,000, with an insurance of $21,000

thereon. The petition also states the performance of all conditions precedent by the assured, and prays judgment for the amount of the policy with interest. The petition also states by way of anticipation that an arbitration is outstanding, but that suit is brought to avoid a bar by the one year limitation contained in the policy.

The defendant's answer interposes a number of defenses, part of which are in abatement of the action and part in bar of a recovery. The defenses are burning by design, fraudulent neglect to extinguish the fire after its discovery, fraudulent neglect to save goods after discovery of the fire, false swearing in proof of loss, refusal of the assured to submit his books and papers to examination after the loss; refusal of the assured to submit to a personal examination under oath; the pendency of arbitration proceedings to determine the extent of the loss; the pendency of a garnishment proceeding against the defendant, instituted and pending in the state of Pennsylvania.

The affirmative defenses are denied by reply. The cause was tried by a jury who brought in a verdict for the plaintiff for $2,171, which, as a computation shows, is based upon a valuation of the entire loss at $14,000, although the sworn proof of loss by the assured claimed the loss to be $22,614.34.

The main complaints of the defendant on this appeal are the rejection of evidence offered on its behalf, and the refusal of instructions. Complaint is also made that the court rejected proof of the pendency of garnishment proceedings in Pennsylvania, where the defendant resides. As the judgment will have to be reversed for other reasons, and as the question of jurisdiction over the debt in such cases is now before the supreme court on a certificate from the Kansas City court of appeals in *Wyeth Hardware Co. v. Lange,*

54 Mo. App. 147, we refrain from expressing our opinion as to the merits involved in that complaint. The supreme court will probably have settled the point before this case is retried.

The defendant's answer sets out specifically a clause of the policy which provides that, when personal property is totally destroyed, the character and value thereof must be verified by proper books of account, bills, invoices and other vouchers to be furnished by assured, certified copies of such bills, invoices and vouchers to be furnished by assured when the originals can not be had; *also*, that the assured shall, if requested, either before or after making proofs as herein required, submit to an examination or examinations under oath or affirmation by an agent or attorney of the company touching all matters relating to the claim and the cause of fire, and subscribe to the same when reduced to writing; also, that refusal or failure to comply with any of the foregoing provisions shall be deemed and taken as an abandonment of the claim.

The reply stated that the plaintiff had complied with these terms of the policy.

Upon the trial the following facts appeared. The assured sent preliminary proofs of loss to the defendant on March 25, 1892. On April 1, 1892, the defendant's adjuster wrote to the assured that he would be required to produce his books and papers and vouchers relating to the loss before him at Glasgow, Missouri, within a reasonable time and upon such a date as could be agreed upon between them; also that the assured would be required to submit to an examination under oath in the manner required by the policy. This letter requested the assured to answer by return mail at what time he could meet the adjuster at Glasgow. Not receiving any reply to this letter, the adjuster wrote to the assured again under date of May 7 requir-

ing him to meet him at Glasgow on May 17 for the purposes stated in the above letter. To this letter the assured replied under date of May 16, stating that he had just received the letter, and stating further that he was a resident of New York city, and that, as the policy was silent on the point where the books were to be produced, he was prepared to undergo the examination and produce the books and papers for inspection in New York city where he resided. To this letter the adjuster replied at once naming June 7 as the time, and Glasgow as the place of examination. In reply to the request that the examination take place in New York city the adjuster suggested that the assured might with the same show of reason demand that the examination take place in Jerusalem or on the plains of Asia, and continued as follows: "Your policy was obtained at Glasgow, Missouri, on property situated at that place. The fire, which you allege destroyed the property mentioned in the policy, occurred there. You were there at that time; your books of account which we are entitled to have you produce are still there, and common sense as well as the decisions of numerous courts prevent the company from requiring you to produce this evidence, or to present yourself at any other place." The adjuster might have added with equal propriety that the contract was a Missouri contract, and since the company was bound to perform all its promises in that state, it necessarily followed that the assured was bound to perform conditions imposed upon him in that state, no other place being named in the contract. To this letter the assured replied declining to produce his books at Glasgow, or to submit to a personal examination there.

When this correspondence was offered in evidence, the plaintiffs objected to it on two grounds: *First*, that, in regard to a letter of May 27, the sixty days

within which the loss was to be paid after furnishing proofs of loss had expired; and, *second*, in regard to all the correspondence, that the demands of the company were unreasonable. This objection was sustained, and the correspondence excluded.

This ruling of the court was erroneous. The condition providing for the inspection of books, furnishing of vouchers and personal examination of the assured, is upheld by all the authorities as a reasonable condition, even to the extent that its violation works an absolute forfeiture. *Mueller v. Ins. Co.*, 45 Mo. 84; *Grigsby v. Ins. Co.*, 40 Mo. App. 276; *O'Brien v. Ins. Co.*, 63 N. Y. 108; *Claflin v. Ins. Co.*, 110 U. S. 81; *Farmers' Ins. Co. v. Mispelhorn*, 50 Md. 180, 53 Md. 473. As was said in the case last cited, the object of such a condition in the policy is protection to the insurance company, as furnishing the mode and means whereby the ordinary proofs of loss may be scrutinized and their accuracy tested. The objection, that the demand was not timely, is not worthy of serious notice. The demand was made within a few days after the receipt by the company of the preliminary proofs of loss, and the further delay in the correspondence was due to the fact that the assured *paid no notice whatever to the first demand for more than one month after it was made upon him.* The objection, that the demand was unreasonable, is equally untenable. In the absence of any stipulation to the contrary in the policy, the place of location of a trading concern is the proper place for the examination of its books. The books and vouchers are presumed to be kept there, and, if destroyed by the fire, their certified duplicates can be sent as easily to that place as to any other. The market value of the goods destroyed is to be determined at the place of loss. That place is a place certain, while the place of residence of the assured may be shifting, whereby an

examination of the books, vouchers, and of the person of the assured at a place of residence other than his place of business may be wholly impracticable.

That the rejection of the evidence was prejudicial admits of no doubt. That the demand for the examination of the books was made in good faith is apparent. The evidence disclosed that, the day before the loss, the assured was anxious to close out the entire property by sale for $12,500, and that his indebtedness exceeded $12,000. The jury found that the value of the property was not exceeding $14,000, although it was insured for $20,500. The assured had furnished sworn proofs claiming its value to have been $22,614.34. Under these circumstances it must be evident that the defendant had not only the legal right, but was on the plainest principles of fair dealing entitled, to prove the extent of the loss by means conferred upon it by the terms of the policy, as well as to investigate fully whether the loss was the result of a mere fortuitous accident in behalf of an insolvent trader, or whether it was brought about by the fraud and connivance of the assured.

While we are inclined to hold that the outstanding arbitration would have furnished good ground for an application for a continuance of the cause, we are not prepared to say that it was pleadable either in bar or abatement of the suit. The arbitration merely determines the extent of the loss, leaving other questions open. It has been held recently in *Clover v. Ins. Co.*, 111 N. Y. 277, and *McNally v. Ins. Co.*, 50 N. Y. State Rep. 680, that, where the policy makes the loss payable within a certain number of days after the furnishing of proofs of loss, an institution of a suit after the expiration of that time is not premature, even though an arbitration be pending. Proofs of loss in that connection would seem to imply the formal proofs in due

form, and not their subsequent investigation by the company.

On the other hand we must hold that the court erred in refusing the following instruction asked by the defendant:

"The court instructs the jury that, if you find from the evidence that Abe Strouse was present at the store when the fire first originated, and his attention was called to the fact that said store was on fire, and said fire could then have been extinguished by him by reasonable effort, and that he closed and locked the door and went away without giving any alarm, and made no attempt to extinguish the fire or save the goods until the fire had made such progress that no goods could be saved, then he was guilty of such culpable negligence as precludes a recovery in this case by plaintiff."

The policy contains this clause: "The company will not be liable for any part of damage resulting from negligence in protecting property when exposed to loss or damage." The court did instruct the jury fully and fairly upon the facts of the case, as far as they tended to show a fraudulent burning by design, but on the condition of the policy last hereinabove recited the court gave no instruction whatever. It was conceded by the evidence that the assured had visited the store between four and five o'clock in the morning and very shortly before the fire broke out; that it was then quite dark; that he lit several matches to see the combination on the safe; that he left the store after doing so, and that the fire broke out immediately afterwards. There was also evidence tending to show that the fire was noticed by a passerby who called the attention of the assured, who had just come out of the store, to the fact, and asked him whether it had better not be put out, to which the assured answered: "You can't get in."

Negligence of the assured is one of the risks insured against, but fraudulent negligence is not. Regardless of the clause in the policy, the assured could not recover, if he knew a fire had originated on the premises by his negligence which he could readily put out, if so inclined, but failed to use any effort to put it out. The instruction, therefore, states the law correctly. It is claimed by the respondent that the instruction is objectionable, because it is a comment upon the evidence. To group together a series of facts, of which there is evidence, and tell the jury that such facts, if shown, will or will not constitute fatal negligence, is not error.

For the reasons hereinabove stated, the judgment is reversed and the cause remanded. Judge BOND concurs. Judge BIGGS is absent.