

## Phœnix Insurance Co. v. Homer E. Mills.

1. INSURANCE—*Duty of Insured in Case of Fires—Negligence.*—Outside of any clause in a policy requiring it, it is the duty of the insured to do all he reasonably can to extinguish a fire and to make the loss as small as may be, and when he can extinguish a fire in its incipiency and fails to do so, he is guilty of culpable negligence.

2. SAME—*Culpable Negligence on the Part of the Insured.*—While non-feasance by the insured may be culpable negligence, preventing others from extinguishing a fire is actual malfeasance, and will prevent a recovery under a policy of insurance by the wrongdoer.

Assumpsit, on an insurance policy. Trial in the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the February term, 1898. Reversed and remanded. Opinion filed August 31, 1898.

YOUNGBLOOD & BARR, attorneys for appellant.

JOHN M. HERBERT, attorney for appellee; WILLIAM. A. SCHWARTZ, of counsel.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This is an action, on an insurance policy issued by appellant to appellee on a stock of groceries in a building then owned by a Mrs. Frank Hopkins, located in Makanda, Illinois.

The declaration contains three counts—two on the policy and the third the common counts. Appellant filed four pleas, but relies only on the general issue and the third plea, which is as follows:

"And for a third plea in this behalf said defendant says, '*actio non,*' because it says it is further provided in and by said insurance policy, set out in plaintiff's declaration, among other things, as follows: 'This company shall not be liable for loss caused by the neglect of the insured to use all reasonable means to save and preserve the property

insured at and after a fire, or where the property is endangered by fire in neighboring premises. And defendant avers that the fire which destroyed the property for which this suit is brought originated in the room or house in which plaintiff's goods were located, and was discovered about eleven o'clock at night; that the store house in which the fire was discovered was locked so parties could not enter; that plaintiff was immediately notified of the fire and came upon the premises, and absolutely refused and forbade any person to enter the building. And defendant avers that at the time plaintiff came to the building, a number of men had gathered at the place, some with buckets of water, and if plaintiff had unlocked his door at that time and permitted the parties present to enter the store with water, they could have extinguished the fire and saved the goods, or nearly all of the goods, from damage and destruction, but defendant avers that plaintiff at that time refused to unlock the door of the building and forbade any person to enter the building, stating that his goods were insured and he wanted pay for them. By reason whereof defendant avers that plaintiff forfeited all right of action against defendant under said policy for the loss of said goods. All of which he is ready to verify," etc.

As this case will have to be reversed and remanded, the evidence bearing upon this plea will not be discussed, except to say that there is evidence tending to show that the fire was slight when discovered; that persons were there with buckets of water and with fire extinguishers, and that it might have been put out if they had been promptly admitted, and that appellee refused for some minutes to let them in, saying his stock was insured, and then when he finally opened the door the smoke and fire were so great that those entering could do nothing.

Outside of any clause in a policy requiring it, the duty of the insured is to do all that he reasonably can to put out a fire and to make the loss as small as may be.

When the insured can put out the fire in its incipiency and fails to do so, it is culpable negligence. Chandler v.

Worcester F. I. Co., 3 Cushing, 328; Lycoming F. I. Co. v. Rubin, 79 Ill. 407.

While non-feasance by the insured may be culpable negligence, preventing others from putting out a fire is actual malfeasance, and would prevent a recovery by the wrong-doer. ·

· The third instruction given for the plaintiff is misleading. The instruction is as follows:

" While you may believe from the evidence that the plaintiff did not open the door of the building containing the goods in question as soon as he could, yet you can not find for the defendant unless you further believe from the evidence that the refusal to open the door prevented the safe removal of the goods in question."

The instruction commences with the proposition, "while you may believe that the plaintiff did not open the door as soon as he could," and closes with the proposition of a refusal to open the door. The first proposition, if proved, would be merely passive neglect. There is no evidence of such negligence. If any misconduct is proved it is a positive refusal to open the door, and an active interference preventing an entrance into the store by those seeking to enter for the purpose of putting out the fire and saving the goods.

The instruction, too, entirely ignores the question as to whether the fire might have been put out by those present without removing the goods at all. It is also open to inference, that unless the refusal to open the door prevented all the goods from being removed, that it is no defense; or, that if the goods could not have been removed without being damaged, the refusal to open the door would be no defense. The clause of the policy upon which the special plea is based is as follows:

· " This company shall not be liable for loss caused directly or indirectly * * * by neglect of the insured to use all reasonable means to save or preserve the property at and after a fire." It was the duty of the insured to save all the property if he could, and if not all, to save as much as he

could, and in the best condition that he could. The safe removal of the goods, as the phrase is used in the instruction, may be understood to mean the removal of the goods without being damaged at all. If the goods could have been removed, although somewhat or partially damaged, but still of value to the insurance company as salvage, and a refusal to open the door prevented their removal, such refusal would be a defense to the extent at least of the amount in value of the goods that would otherwise have been removed, whether damaged or not.

The evidence in this case is of.a character that requires accurate instructions. The instruction cited is not accurate and may have misled the jury. Judgment reversed and case remanded.