C. L. TODD & others, trustees, *vs*. TRADERS & MECHANICS
INSURANCE COMPANY.

SAME *vs*. WORCESTER MUTUAL FIRE INSURANCE COMPANY.

SAME *vs*. QUINCY MUTUAL FIRE INSURANCE COMPANY.

SAME *vs*. MIDDLESEX MUTUAL FIRE INSURANCE COMPANY.

SAME *vs*. HOLYOKE MUTUAL FIRE INSURANCE COMPANY.

SAME *vs*. DORCHESTER MUTUAL FIRE INSURANCE COMPANY.

Middlesex.   March 14, 1918. — June 26, 1918.

Present: DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Insurance*, Fire. *Negligence*, As defence to action upon policy of fire insurance,
Violation of statute. *Fire*.

Where, in an action upon a policy of fire insurance, it appeared that the buildings
insured were destroyed by a fire which was communicated from a fire set more
than fifty feet from the buildings by the insured, who had violated the provi-
sions of St. 1911, c. 244, § 1, in failing to procure the permit required by that
statute before starting the fire, it was *held*, that it would have been improper to
order a verdict for the defendant, there having been questions for the jury,
whether the violation of the statute in failing to procure the permit was a negli-
gent act of the insured which was a proximate cause of the loss, and, if so,
whether the negligence was of such a character as to bar recovery on the policy.

Mere negligence on the part of one insured against loss by fire does not prevent
recovery on the policy, it being one of the objects of insurance to protect the
insured from loss due to carelessness.

SIX ACTIONS OF CONTRACT upon policies of fire insurance.
Writs dated July 23, 1915.

A defence set up in the answers was "that the plaintiffs' unlaw-
ful act contributed to their loss, namely, that they did either
personally or through their agents cause a fire to be built upon
said premises without first having obtained a permit to do so, the
same being in violation of St. 1911, c. 244, and that the plaintiffs
are therefore estopped from recovering under said contract of
insurance."

The actions were tried together before *Bell*, J. The material
evidence is described in the opinion. At the close of the evidence,
the defendants moved that verdicts be ordered in their favor. The

motions were denied and the defendants excepted.   The bill of exceptions stated that, "The cases were thereupon submitted to the jury upon certain issues framed by the court.  Answers to these questions were returned by the jury upon which the judge ordered verdicts for the plaintiffs."

The bill of exceptions did not state what the "certain issues" which were submitted to the jury were, nor what the jury's answers were.

The jury found for the plaintiffs against the Traders and Mechanics Insurance Company in the sum of $231.02; against the Worcester Mutual Fire Insurance Company in the sum of $343.28; against the Quincy Mutual Fire Insurance Company in the sum of $807.73; against the Middlesex Mutual Fire Insurance Company in the sum of $798.68; against the Holyoke Mutual Fire Insurance Company in the sum of $553.96; against the Dorchester Mutual Fire Insurance Company in the sum of $1,107.92.  ·The defendants alleged exceptions.

*H. Williams, Jr., (J. P. Manning, Jr.,* with him,) for the defendants.

*J. G. Palfrey,* for the plaintiffs.

DE COURCY, J.   These are six actions upon fire insurance policies, in the Massachusetts standard form, to recover for loss or damage by fire.  The plaintiffs owned the premises as trustees under the will of George G. Tarbell, deceased; and the plaintiff Tarbell was the sole beneficiary.  The buildings insured consisted of a dwelling-house, barn and shed, situated in the town of Lincoln.  It appears that about one hundred feet back from the barn and extending parallel with it was a raspberry bed a few feet wide.  Along the side of the bed away from the barn was a two foot grass path; and beyond this. was a garden patch, about seventy by one hundred feet in size.

On March 13, 1915, Mr. Tarbell and his wife drove over to the premises, from Winchester, and he spent most of the afternoon working on the raspberry bed, "raking it over and cleaning out loose ends, etc."  A question arose with reference to the grass path, and some discussion as to whether it would be better to burn it over rather than rake it.  To Mrs. Tarbell's question "Would n't you scorch the raspberries?" he said "I don't believe so; let us go and see."  He further testified, "I took a match and

when I lit the match the grass was hanging over into the bed and I lit the grass hanging over into the bed to see if it would scorch the raspberries." Flames flared up and Mr. Tarbell, being satisfied with his experiment, stamped them out. Then, looking up, he saw a little flame starting fifteen or twenty feet the other side of the raspberry bed. He summoned help to his assistance, and they used every effort to extinguish the fire; but when the fire department arrived ten minutes later the barn was on fire.

The contention of the defendants is that the plaintiffs cannot recover on the policies because the fire was started by Mr. Tarbell in violation of St. 1911, c. 244, § 1, which strikes out § 1 of St. 1908, c. 209, and substitutes therefor the following: "It shall be unlawful within any city, or within any town which accepts the provisions of this act, for any person to set a fire in the open air between the first day of March and the first day of December except by the written permission of the forest warden, or the chief of the fire department or, in cities that have such an official, the fire commissioner: provided, that debris from fields, gardens and orchards, or leaves and rubbish from yards may be burned on ploughed fields by the owners thereof, their agents or lessees; and provided, further, that persons above eighteen years of age may maintain a fire for a reasonable purpose upon sandy or barren land, if the fire is enclosed within rocks, metal or other non-inflammable material. In every case such fire shall be at least two hundred feet distant from any forest or sprout lands, and at least fifty feet distant from any building, and shall be properly attended until it is extinguished. The forest warden shall cause public notice to be given of the provisions of this section, and shall enforce the same. Whoever violates the provisions of this section shall be punished by a fine of not more than one hundred dollars, or by imprisonment for not more than one month, or by both such fine and imprisonment."

It is undisputed that the town of Lincoln had duly accepted this statute; and that Mr. Tarbell had no "written permission." Although the meagre bill of exceptions does not disclose the special questions which were submitted to the jury, and does not purport to contain all the material evidence, we assume that the fire was not set on "ploughed fields," within the meaning of the statute; and that the question whether said violation of the statute pre-

vents a recovery on the policies as matter of law, is open to the defendants on their motions for directed verdicts.

In actions of tort, (where the question generally arises,) while a plaintiff cannot obtain the aid of a court to relieve him from the direct consequence of his own illegal act (see *Banks* v. *Highland Street Railway*, 136 Mass. 485, *Brunelle* v. *Lowell Electric Light Corp.* 188 Mass. 493), the mere fact that he was violating a statute or ordinance when injured does not necessarily prevent his recovery. Such violation is considered "evidence of negligence" on the part of the violator, as to all consequences that the statute was intended to prevent. *Bourne* v. *Whitman*, 209 Mass. 155, 167. *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489. If, however, his violation of law was merely a condition or an attendant circumstance of his injury, and not a proximate contributing cause, he may recover from the wrongdoer. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596. For instance, in *Moran* v. *Dickinson*, 204 Mass. 559, it was held that a boy less than sixteen years of age, who was injured by reason of a defect in an elevator which he was operating in violation of a statute, was entitled to go to the jury. The plaintiff in *Damon* v. *Scituate*, 119 Mass. 66, was travelling on the wrong side of the road in violation of the statute, when injured by a defect in the way. It was held in *Biggio* v. *Boston*, 179 Mass. 356, that the plaintiff was not precluded from recovering for the flooding of his cellar by the fact that he had constructed it below the grade required by law. In *McCarthy* v. *Morse*, 197 Mass. 332, 337, where the plaintiff was knocked off a temporary bridge which he had erected, it was said, "the illegal act of the plaintiff in being engaged upon this work without a permit was not necessarily the direct and proximate cause of his injury, nor was he obliged to found his action upon his own violation of law." And see *Farrell* v. *Sturtevant Co.* 194 Mass. 431; *Driscoll* v. *Boston Elevated Railway*, 223 Mass. 533.

Mere negligence on the part of the insured does not prevent recovery on a policy of insurance. One of the objects of insurance is to protect the insured from loss due to carelessness. In *Johnson* v. *Berkshire Mutual Fire Ins. Co.* 4 Allen, 388, it was held that the insured could recover for the loss by fire of his barn and contents, where he had lighted some straw under the barn in order to smoke out bees, and the fire rapidly spread and destroyed the property.

On the other hand the insurer is not liable for a fraudulent loss, due to the intentional destruction of property by the insured, or to such reckless and inexcusable negligence as tends to show a fraudulent purpose or design. See cases collected in 6 Ann. Cas. 587, note, and 17 L. R. A. (N. S.) 189, note. *Chandler* v. *Worcester Mutual Fire Ins. Co.* 3 Cush. 328. *Davis* v. *Royal Arcanum,* 195 Mass. 402. *Hatch* v. *Mutual Life Ins. Co.* 120 Mass. 550 (where there was a special provision in the policy applicable).

In the present case, it is not contended that Mr. Tarbell had any fraudulent purpose or design in setting fire to the grass. Although he was guilty of a violation of the statute in not obtaining a permit, it was not necessary for him and his co-trustees to rely on that violation in making out their *prima facie* case. His transgression of the statute made him liable to a criminal prosecution. But the Legislature expressed no intention to make him also civilly liable to persons suffering special damage from his act, — a familiar provision in penal statutes dealing, for instance, with intoxicating liquors. See R. L. c. 100, § 62. *O'Connell* v. *O'Leary,* 145 Mass. 311. The defendants ask us, in effect, to read into this statute what the Legislature has seen fit to omit, namely, a provision that a statutory violation shall create a civil liability on the part of the violator, or deprive him of his civil rights. As was said by Knowlton, C. J., in *Bourne* v. *Whitman,* 209 Mass. 155, 169: "The fact that the number of punishable misdemeanors has multiplied many times in recent years, as the relations of men in business and society have grown complex with the increase of population, is a reason why the violation of a criminal statute of slight importance should not affect one's civil rights, except when this violation, viewed in reference to the element of criminality intended to be punished, has had a direct effect upon his cause of action." In accordance with our law Mr. Tarbell's violation of the statute may be considered as "evidence of negligence." The illegal element of his conduct was the lack of a permit; and it was a question of fact for the jury whether this was a contributing cause or merely a condition of the loss. The jury might well say that the loss would have happened if in fact he had a permit; or that the loss really was due to his misjudgment or carelessness in caring for the fire after it was set.

The damage by fire to the buildings of the plaintiffs was a lawful risk which was covered by the policies issued by the defendants. The burden was on them to show that they were relieved from liability by the acts of Mr. Tarbell.

For the reasons already stated, and in the absence of any authority to the contrary, we are of opinion that on the facts disclosed the plaintiffs were permitted to go to the jury rightly.

*Exceptions overruled.*