ALONZO H. RICE, administrator, *vs.* THE TRUSTEES OF BOSTON UNIVERSITY & another.

Suffolk.    January 10, 1906. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Landlord and Tenant. Elevator.*

The owner of a building who has leased the whole of it to two separate tenants who together have control of it, each of whom has covenanted to keep the premises in such repair as the same are in at the commencement of the term or may be put in by the lessor during the continuance thereof, is not liable for the death of a teamster due to a defect in the gate of the well of a freight elevator in the building if there is no evidence that the elevator and its appliances were not in good condition at the time of the letting and no evidence of any notice to the owner that the gate was defective.

TORT by the administrator of the estate of Lorenzo D. Phelps against the trustees of Boston University, a corporation, the owner of the building numbered 73 on Summer Street in Boston, and Anton W. Russy, doing business under the name of the Excelsior Umbrella Manufacturing Company, one of the tenants of that building, for negligently causing the death of the plain-

tiff's intestate and for his conscious suffering.    Writ dated June 24, 1903.

At the trial in the Superior Court before *Richardson*, J. there was evidence tending to show the following facts:

The plaintiff's intestate was a teamster employed by A. Morton and Company, and in the course of his business went to the building numbered 73 Summer Street, Boston, owned by the defendant corporation, to get some goods for shipment from the defendant Russy, who occupied the third floor. He was accompanied by one Kerr also in the employ of A. Morton and Company. They went to the third floor on the elevator and after it was fastened there and the gate was raised by Kerr they stepped from it upon the third floor. Kerr started to examine a shipper's guide and the intestate went for a box of umbrellas on that floor which he was to take to the railroad.

The gate which was constructed to protect the opening into the elevator well on this floor was a wooden bar extending across the opening with a leg at each end. It was pushed up by Kerr in the way in which the gate was intended to be raised. When the gate was raised it was held up as long as the elevator remained upon that floor by a spring pressing against it, and when the elevator left the floor the gate was intended to drop automatically because it was heavier than the counterweight.

When the intestate returned with the box he noticed that the gate was still up. He was familiar with the gate, and seeing the gate up thought that the elevator was still at this floor. He stepped as he supposed into the elevator and fell with the box which he was carrying to the bottom of the well, receiving the injuries from which he died. After the intestate had left the elevator on the third floor it had been called for by some one on the upper floor of the building, and Kerr had opened the catch so that the person calling for it could have it. The intestate was not there when it was called for.

There was evidence in regard to defects in the condition of the gate. The evidence in regard to the obligation to keep the gate in repair is stated in the opinion.

The judge ordered a verdict for the defendants upon the agreement of the parties in open court that the case be reported to this court as to the liability of the defendant corporation. If

upon the testimony properly admitted, or testimony offered and excluded which should have been admitted, the jury were warranted in finding a verdict against that defendant, judgment was to be entered for the plaintiff against that defendant on the first count for $1,500 and on the second count for $500 ; but if the jury would not have been warranted in finding a verdict for the plaintiff against the defendant corporation on either count, judgment was to be entered for the defendants on the verdict.

*G. A. Sanderson,* for the plaintiff.

*H. N. Shepard,* for the trustees of Boston University.

HAMMOND, J.    Even if it be assumed that the plaintiff's intestate was in the exercise of due care, that the apparatus for lowering the gate was out of order, and that the accident was due to its defective condition, still there is one fatal defect in the plaintiff's case as against the defendant corporation.

This corporation was, it is true, the owner of the building at the time of the accident, but it had leased the whole of it to two separate tenants, of whom one had the second, third, fourth and fifth stories and the other the basement, first and sixth stories. In each lease the lessee agreed to " keep all and singular the said premises in such repair as the same are in at the commencement of said term, or may be put in by the said lessor or its representatives during the continuance thereof." The alley off Kingston Street giving access to the elevator was provided with a gate which was locked by these tenants at night and opened by them in the morning. In neither lease was there any express mention of the elevator or of the repairs of it or of the gates or entrances thereto. The corporation made any repairs on the building of the need of which they had notice, but they had nothing to do with the running of the elevator, nor did they care for it or furnish power for it. It was left wholly in the charge of the tenants. There is no evidence that, at the time of the letting, the elevator and its appliances were not in good condition.

Even if the corporation had subsequently made repairs at times, and even if this fact had a tendency to show that it was expected to make repairs, still under the circumstances it must be held that, as between the corporation on the one hand and the tenants and their customers on the other, the corporation was not answerable for a defect until after reasonable notice of its existence.

As was said in a similar case, proof of mere want of repair shows no such active negligence or misfeasance as will support an action of tort against the landlord for injuries caused by an accident due to a want of repair. *Hutchinson* v. *Cummings*, 156 Mass. 329, 330. See also *McLean* v. *Fiske Wharf & Warehouse Co.* 158 Mass. 472; *Marley* v. *Wheelwright*, 172 Mass. 530; *Roche* v. *Sawyer*, 176 Mass. 71. In the present case there was no evidence of any such notice. Verdict was rightly ordered for the defendant as against the corporation defendant. In accordance with the terms of the report judgment should be entered for the defendants on the verdict.

*So ordered.*