JOHN A. JOHNSON, administrator, vs. MILTON A. CHANDLER
& another.

Middlesex.    March 5, 1909. — June 22, 1909.

Present : KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Due care of plaintiff.

If a boy, a little less than fifteen years of age, when in the basement of a building
where he is employed, sees a freight elevator about two or two and one half feet
above the basement floor, and, after the elevator has started, comes toward it
with a pail in his hand, calls out " Wait a minute," shoves the pail upon the
elevator and then attempts to jump on, but, there not being room enough for
him to jump on, he lands on his stomach and is crushed between the elevator
and the floor above, he is negligent as matter of law.

TORT, with counts at common law and under the employers'
liability act, by the administrator of the estate of Gustaf P.
Johnson, for the conscious suffering and death of the plaintiff's
intestate, caused by his being crushed by a freight elevator on
July 3, 1905, when he was attempting to board the elevator in the
basement of the building numbered 122–126 on Summer Street
in Boston, where the defendants carried on the hardware busi-
ness, the plaintiff's intestate being a few days less than fifteen
years of age, and having been in the employ of the defendants
for two and one half days.   Writ dated January 20, 1906.

At the trial in the Superior Court before *Bond,* J., the follow-
ing facts appeared : On the day of the accident an expressman
named Hurley came to the building occupied by the defendants
for the purpose of delivering goods to one of the tenants other
than the defendants.   He lost a paper down the elevator shaft,
and an employee of the defendants named Newcomb volun-
teered to get it for him.   Either Newcomb or the expressman
ran the elevator up to the street level, and then went down in it
to the basement, stopping the elevator car from two to two
and a half feet above the basement floor.   After Newcomb
had reached in under the car and got the lost paper, the car
started up again.   It did not appear who started it, as Newcomb
and the expressman each denied that he did it.   As the elevator
started, Newcomb saw the plaintiff's intestate coming toward

the elevator with a pail. The boy called out, " Wait a minute." He then shoved his pail upon the elevator, and attempted to jump on. Newcomb tried to get him off, and asked him what he was doing. The expressman pulled the rope to stop the car. Before he could stop it, however, the elevator caught the plaintiff's intestate at the waist as he was trying to get upon the car, and crushed him between the car and the floor above.

At the close of the evidence the judge ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*F. W. Campbell*, ( *C. H. Johnson* with him,) for the plaintiff.

*W. H. Hitchcock*, for the defendants, was not called upon.

LORING, J. It appeared from the plaintiff's evidence that the elevator was from two to two and a half feet from the basement floor when it was started by Newcomb or by Hurley, and that after it started the plaintiff's intestate said " Wait a minute," shoved his pail upon the elevator and then attempted to jump on himself. His own witness, and the only one who saw what happened, testified that when he attempted to jump on " there was not room enough for him to jump on." The plaintiff's intestate landed on his stomach, and before Newcomb or Hurley could stop the elevator he was caught between the floor of the elevator and the top of the elevator door.

We are of opinion that as matter of law the plaintiff's intestate was guilty of negligence, although he was a little less than fifteen years of age.

The entry must be

*Exceptions overruled.*