### John Moran vs. Charles P. Dickinson.

Worcester.　October 4, 1909. — February 21, 1910.

Present: Knowlton, C. J., Hammond, Loring, Sheldon, & Rugg, JJ.

*Elevator.　Negligence,* Employer's liability, Violation of statute by plaintiff as bar to action.　*Proximate Cause.*

The provisions of St. 1902, c. 350, §§ 2, 3, now embodied in St. 1909, c. 514, § 74, that "no elevator for the carriage of freight or passengers shall be operated by or placed in charge of any person under sixteen years of age," and that "any person, firm or corporation violating any provision of this act by operating or causing an elevator to be operated or to be taken care of or charge of in any manner contrary to the provisions of this act shall be punished by a fine," impose the prohibition and the penalty upon the master and the servant alike.

Where a boy less than sixteen years of age is operating a freight elevator in a shoe factory contrary to the provisions of St. 1902, c. 350, §§ 2, 3, forbidding the operation of such an elevator by a person under sixteen years of age, and, while he is in the exercise of due care, is injured by reason of a defect in the elevator due to negligence of his employer, the violation of the statute cannot be said as matter of law to be a cause of the injury, but it is merely a condition or attendant circumstance of it, and therefore it does not bar recovery by the boy from his employer, unless it is found as a fact that his want of maturity contributed to the injury.

Tort for personal injuries alleged to have been received while, as an employee in the defendant's shoe factory at Fitchburg, the plaintiff was operating an elevator, and to have been caused by a defective condition of the elevator for which the defendant was accountable. Writ dated January 10, 1907.

At the trial before *Sanderson,* J., the parties submitted a "statement of agreed facts," in which it was stated, "If on the foregoing facts the court shall be of opinion that there is an issue for the jury as to the plaintiff's right to recover for the injuries sustained, judgment shall be entered for the plaintiff in the sum of $300; otherwise judgment is to be entered for the defendant." The facts are stated in the opinion.

The presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*D. I. Walsh,* for the plaintiff.

*H. R. Bygrave,* for the defendant, submitted a brief.

SHELDON, J. This case was not submitted to the court upon an agreed statement of facts. Certain facts were agreed upon at the trial, upon which the jury were to decide the questions at issue. It evidently was intended that the jury should be at liberty to draw such inferences as they properly might from these facts. The jury would have been warranted in finding that the plaintiff was in the exercise of due care, and that his injury was due solely to the negligence of the defendant in allowing the elevator and its operating machinery to be out of proper repair. Indeed this is not now disputed. The only questions argued before us are whether the plaintiff was himself violating the law in undertaking to run the elevator, and if so, whether his illegal action is a bar to his recovery, a question which was not raised in *Moylon* v. *McDonald Co.* 188 Mass. 499.

It is provided by our statute that "no elevator for the carriage of freight or passengers shall be operated by or placed in charge of any person under sixteen years of age," and that "any person, firm or corporation violating any provision of this act by operating or causing an elevator to be operated or to be taken care or charge of in any manner contrary to the provisions of this act shall be punished by a fine of" a stated amount. St. 1902, c. 350, §§ 2, 3, now embodied in St. 1909, c. 514, § 74. The plaintiff was less than sixteen years of age both when he was employed by the defendant to run this elevator and undertook to do so, and when the accident happened which caused his injury.

It is contended for the plaintiff that this statute does not make his act illegal; that the employer is forbidden to put his elevator into the charge of so young a person, but that the minor child is not forbidden from undertaking that employment. But this contention cannot prevail. It is against the plain words of the statute. The provision is that no person of the prohibited age shall either operate an elevator or have one put in his charge; the first part of this prohibition looks as manifestly toward the operator as the second part does toward the employer. And the penalty is imposed not only upon any one who may cause an elevator to be so operated, but also upon

the operator himself. The act regards both the master and the servant, and imposes a like prohibition under a like sanction upon each. This was assumed in *Malloy* v. *American Hide & Leather Co.* 148 Fed. Rep. 482.

The previous legislation upon this subject confirms our view. The former statute imposed a penalty upon the employer or one who should permit a child of the forbidden age to operate or manage an elevator. R. L. c. 106, § 43. The present statute, besides some slight alterations which are now immaterial, made a change of language for which no other reason appears than an intention to extend the prohibition to the persons who might be employed as well as to the employers themselves.

Nor was this statute designed solely for the protection of minor employees. So far as it applies to passenger elevators, it was manifestly intended to provide as well for the safety of the persons to be carried. Even as to freight elevators, the Legislature may well have had in mind the safety of others as well as of those who were in charge of the elevators. Our reports show that many actions have been brought for injuries sustained by others than the operators by reason of alleged negligence in the operation or equipment of freight elevators. See for example *Johnson* v. *Chandler*, 202 Mass. 510; *Simoneau* v. *Rice & Hutchins*, 202 Mass. 82; *McManus* v. *Thing*, 202 Mass. 11, and 194 Mass. 362; *Shannon* v. *Willard*, 201 Mass. 377; *Doolan* v. *Pocasset Manuf. Co.* 200 Mass. 200; *McDonald* v. *Dutton*, 198 Mass. 398, and 190 Mass. 391; *Hamilton* v. *Taylor*, 195 Mass. 68; *Rice* v. *Boston University*, 191 Mass. 30; *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580. In view of the need of protection against such accidents, we are of opinion that this statute was passed not merely to protect boys against being put to work beyond their capacity, but also to guard against their incompetence both passengers in elevators and others whose employment near or about elevators might expose them to danger. It resembles in this respect R. L. c. 104, §§ 27, 28, 43.

The plaintiff at the time of his injury was acting illegally, in violation of the statute above quoted. Does this fact prevent his recovery?

There are decisions in our reports in which the broad rule is laid down that if the plaintiff in an action like this was himself

violating the law when the accident occurred he cannot recover. We need not cite these cases in detail. In most of them the plaintiff had been violating the provisions of the act for the observance of the Lord's day, or was seeking to hold city or a town for a defect in a public way. See, as to these classes of cases, R. L. c. 98, § 17, and *Doherty* v. *Ayer*, 197 Mass. 241, 247, 248. But the rule now settled in this Commonwealth is that a plaintiff's violation of law which has contributed to cause an injury coming to him from the negligence of a defendant may bar his recovery therefor, but that such a violation which was merely a condition or an attendant circumstance of his injury will not prevent him from recovering. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596, and cases cited. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443, 446. In our opinion that rule is applicable to this case.

It cannot be said as matter of law, whatever finding a jury might have made, that this plaintiff's violation of law contributed to the happening of the accident by which he was injured. It might have been found that the accident was due solely to the defendant's negligence. It might have happened in the same way whatever the plaintiff's age had been. His bodily presence was an essential condition of his injury; but it does not follow that it must have been a cause thereof. In our opinion this question should have been submitted to the jury.

We have not overlooked the fact that a different conclusion was reached by the Circuit Court of the United States for this district in *Malloy* v. *American Hide & Leather Co.* 148 Fed. Rep. 482. But that case was decided upon the averment that the plaintiff had obtained his employment by false representations that he was above the required age. So far as the reasoning of that court went farther, it was based upon certain of our decisions which were rendered before the case of *Newcomb* v. *Boston Protective Department*, 146 Mass. 596, was decided, many of which are referred to in that case. Nor have we been willing to adopt the doctrine of *Stehle* v. *Jaeger Automatic Machine Co.* 220 Penn. St. 617, in which the command of a statute somewhat like ours was held to be addressed only to the employer for the protection of his employees. We have already seen that this is not the proper construction of our statute.

The plaintiff's exceptions must be sustained, and in accordance with the stipulation of the parties judgment is to be entered in his favor for the sum agreed upon.

*So ordered.*