## MALLOY v. AMERICAN HIDE & LEATHER CO.

(Circuit Court of Appeals, First Circuit. March 3, 1911.)

No. 853.

1. COURTS (§ 366*)—FEDERAL COURTS—CONSTRUCTION OF STATE STATUTES—RULES OF DECISION.

A federal court, in determining questions of local statutory construction, is controlled by the decisions of the highest court of the state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 957; Dec. Dig. § 366.*

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

2. MASTER AND SERVANT (§ 95*)—INJURIES TO SERVANT—VIOLATION OF STATE LAW.

Where a boy under 18 years of age was killed while operating an elevator in violation of St. Mass. 1902, c. 350, declaring that elevators shall not be operated by persons under 18 years of age, the violation of the statute, under the rule established by the Massachusetts courts, was no defense against a recovery, unless decedent's illegal conduct contributed directly and proximately to the injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 160; Dec. Dig. § 95.*]

3. MASTER AND SERVANT (§ 96*)—DEATH OF SERVANT—OPERATION OF ELEVATOR—VIOLATION OF STATUTE—CAUSE OF INJURY.

Where a boy under 18 years of age was killed while operating an elevator in violation of St. Mass. 1902, c. 350, declaring that elevators shall not be operated by persons under that age, and there was evidence that the elevator suddenly fell because of a pre-existing defect in the terminal stop mechanism, independent of and disconnected with the ordinary starting or stopping of the elevator by the operator, plaintiff claiming that the terminal stop mechanism was adrift before the accident, and that no force in operating it could have been the direct cause of the accident, or could have set the terminal stop mechanism adrift, it did not appear as a matter of law that intestate's act in starting the elevator directly contributed to the accident, and hence that his violation of the statute was the proximate cause thereof.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 158; Dec. Dig. § 96.*]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action by John J. Malloy, as administrator, etc., against the American Hide & Leather Company. Judgment for defendant, and plaintiff brings error. Reversed.

See, also, 148 Fed. 482.

Louis S. Thierry and John S. Farlow, for plaintiff in error.

Edward F. McClennen (Brandeis, Dunbar & Nutter, on the brief), for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. In this case the plaintiff's intestate was injured while operating an elevator in Massachusetts. The injured

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

party was under 18 years of age, and for that reason was within the provision of sections 2, 3, c. 350, of the Massachusetts Statutes of 1902 (now embodied in statutes of 1909, c. 514, § 74), which declares that elevators shall not be operated by persons under the age of 18 years. The statute was interposed as a defense, and a verdict for the defendant was directed by the court below upon the ground that the plaintiff could not recover, because the injury was received while the intestate was engaged in the illegal work of operating an elevator. The case involves questions of local statutory construction, and is therefore controlled by Massachusetts law.

The statute in question was doubtless based upon considerations of public safety; but the Massachusetts courts have apparently reached a result which rejects the violation of a statutory law as a defense against recovery, unless the illegal conduct of the injured party contributed directly and proximately to the injury. Newcomb v. Boston Protective Department, 146 Mass. 596, 16 N. E. 555, 4 Am. St. Rep. 354, and cases cited; Dudley v. Northampton Street Railway, 202 Mass. 443, 446, 89 N. E. 25, 23 L. R. A. (N. S.) 561; Moran v. Dickinson. 204 Mass. 559, 90 N. E. 1150.

Suppose the case of a statute similar to the one in question in respect to a motorman on an electric car, where the injury resulted from the act of starting and operating the car. Quite likely that would be a case where the defendant might interpose the statute as a defense. But suppose the injury did not result directly from the starting or operating, but from the careless and negligent condition of a bridge, an independent cause, which precipitated the car and the motorman, with injurious results. That, quite likely, would be a case where the statute would not be a defense, because the injury would be one which resulted from an independent negligent condition, and not directly from the illegal act of the motorman.

While the evidence in this case was not altogether clear as to the direct cause of the accident, the contention of the plaintiff was—and there was evidence which entitled the plaintiff to go to the jury upon that contention—that the injury resulted, not through his fault, and not directly from the act of starting or operating, but from the negligent condition of the rope which held the weight of the car, and which was not at all involved in the act of starting, or at all within the control of the plaintiff, who, as claimed, was carefully and prudently operating the elevator. If this was so, the plaintiff was entitled to recover, and upon these questions he was entitled to go to the jury.

The evidence tended to show that the elevator suddenly fell from the top of the building to the bottom; that the cause of this sudden fall was a pre-existing defect in the terminal stop mechanism.

The expert witness Payne testifies:

"That the terminal stop mechanism was adrift, i. e., free to revolve about the bolt, C, because the head of this bolt, A, had been broken off.

*    *    *    *    *    *    *    *    *    *    *    *    *    *

"That the terminal stop mechanism might have been out of order for a long time without the fact being discovered by one operating the elevator, for it would not come into use so long as the operating rope remained fully attached to the operating sheave; that in his opinion there was no way in

which the terminal mechanism could have been set adrift by the violence of the accident; that it must have been 'adrift' before the accident."

In view of this evidence it does not seem to us that it can be said as matter of law that the act of the plaintiff's intestate in starting the elevator directly contributed to the accident. If it were clear that the fall of the elevator was caused by the pulling of the rope off the operating sheave in the act of starting or operating the elevator, then it might be said that the operator directly contributed to the accident. But this terminal stop mechanism is said to be something out of repair, and something which was independent of and disconnected with the ordinary starting or stopping of the elevator by the operator. If this be true, and that is a question of fact, the act of starting or operating the elevator cannot be said to be the proximate cause of the accident.

The theory of the plaintiff thus was that the terminal stop mechanism was adrift before the accident, and that no force in operating the elevator could have been the direct cause of the accident, or could have set the terminal stop mechanism adrift. There was evidence tending to show that the injury resulted from the fact that the terminal stop mechanism was out of repair, and that such was an independent pre-existing condition. If this was so, the injured party's initiative illegal act was not the direct cause of the injury.

The judgment of the Circuit Court is reversed, the verdict is set aside, the case is remanded to that court for further proceedings not inconsistent with this opinion, and the plaintiff in error recovers his costs of appeal.