## ANNA GREEN *vs.* LEAH PEARLSTEIN & another.

Suffolk. November 15, 1912. — January 28, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Of one controlling real estate. *Landlord and Tenant.*

If, in an action against the owner of a tenement house for personal injuries alleged to have been received by one of the family of a tenant because of a defective condition in the ceiling of a passageway used in common by all the tenants, it appears that previous to the injury the defendant had given to another person a lease of the premises which was in force at the time of the injury, and there is no evidence that such lessee had not taken possession of the premises or was not in control of them, it is immaterial what was the defendant's motive in making the lease, and a verdict properly may be ordered for the defendant.

At the trial of an action against one in control of a tenement house for personal injuries received by the wife of a tenant by reason of plaster falling upon her from the ceiling of a passageway used in common by the tenants, there was evidence tending to show that the ceiling was not obviously defective when the plaintiff and her husband took possession of their tenement although the plaintiff noticed that it was cracked and that "little pieces" were hanging down, that later, after rains, it became defective and that the defendant, when asked to repair it, refused to do so. *Held,* that there was evidence of due care on the part of the plaintiff and of negligence on the part of the defendant which made him liable to the plaintiff as a member of the family of a tenant.

TORT against the owner and lessee of a tenement house for personal injuries suffered by the plaintiff by reason of some plaster falling upon her in a passageway used by all the tenants. Writ in the Municipal Court of the City of Boston dated November 9, 1910.

On appeal to the Superior Court the case was tried before *Hitchcock,* J. The plaintiff contended that the defendant Pearlstein was the real landlord of the premises, notwithstanding the lease to the defendant Geller, described in the opinion, and introduced evidence tending to show that, while the lease " recited that Geller had to pay water rates," the receipts for their payment were "in the name of Mr. and Mrs. Pearlstein," and that the defendant Pearlstein's husband, when spoken to by the plaintiff's physician as to the plaintiff's injuries, asked the physician "not to be too hard on him as to the accident."

There was evidence tending to show that there was no noticeable defect in the ceiling in question when the plaintiff's husband hired a tenement from Geller. In cross-examination the plaintiff's husband stated that the ceiling was "all the time" in as bad condition as it was when the plaintiff was injured. He was asked, "Was the condition of the ceiling from where the plaster came any different on November 1 from the condition it was in when you first came there?" and answered, "Well, it was in the same condition it was the whole month."

The plaintiff testified that the day on which she and her husband moved into the tenement was dry, and that she then noticed that the ceiling, at the point from which later a piece fell upon her, was cracked and that "little pieces" were hanging down. She and others described in detail the leaking of water at that point during rain storms, and a change then in the appearance of the ceiling, and there was evidence that Geller had been asked to repair the ceiling and had refused to do so.

Other facts are stated in the opinion.

At the close of the evidence the judge ordered verdicts for both defendants; and the plaintiff alleged exceptions.

In this court the defendant Geller did not appear.

*L. R. Eyges,* for the plaintiff.

*G. E. Curry,* for the defendant Pearlstein.

SHELDON, J. The plaintiff put in evidence that the defendant Geller had taken from the defendant Pearlstein a lease of the

house which contained the tenement hired by the plaintiff's husband, and was in control thereof at the time of her injury. There was no dispute that her husband's hiring was from Geller. The rest of Geller's testimony might have created some suspicion as to Mrs. Pearlstein's motive in giving the lease to him, but did not tend to show that he had not in fact taken possession of the leasehold interest, or that he was not in control of the premises. If so, the motive of the lessor was not material. *Curtis* v. *Galvin*, 1 Allen, 215, 216. *Pratt* v. *Farrar*, 10 Allen, 519. What Mrs. Pearlstein's husband said to Dr. Lazarus could not be evidence against her, nor was she bound by the way in which receipts for water rates were taken, unless in each case there had been further evidence to connect her therewith. It follows that on the plaintiff's own showing the verdict in favor of Mrs. Pearlstein was rightly ordered. *Mellen* v. *Morrill*, 126 Mass. 545. *Rice* v. *Boston University*, 191 Mass. 30. *Coman* v. *Alles*, 198 Mass. 99. *Taylor* v. *Loring*, 201 Mass. 283.

But, as to the defendant Geller, the case stands differently. In spite of some of the answers given by the plaintiff's husband on cross-examination, the jury could find that Geller had negligently failed to keep the ceiling of which a part fell upon the plaintiff in as good condition as it had appeared to be when her husband hired the tenement, and so the case is not governed by the decisions upon which the defendant relies. *Woods* v. *Naumkeag Steam Cotton Co.* 134 Mass. 357, 361. *Quinn* v. *Perham*, 151 Mass. 162. *Moynihan* v. *Allyn*, 162 Mass. 270. *Hannaford* v. *Kinne*, 199 Mass. 63.

There was evidence that the ceiling was over a common passageway which he was bound to use due care to keep in as good condition as it appeared to be when he let the tenement, and the plaintiff could be found to have been in the exercise of due care. *Ward* v. *Blouin*, 210 Mass. 140. *Callahan* v. *Dickson*, 210 Mass. 510. Her rights were the same that those of her husband would have been under the same circumstances. *Domenicis* v. *Fleisher*, 195 Mass. 281. *Nash* v. *Webber*, 204 Mass. 419.

As to this defendant the exceptions must be sustained.

*Ordered accordingly.*