PATRICK J. WALL vs. CHARLES B. KING.

Bristol.   May 18, 1932. — October 31, 1932.

Present: RUGG, C.J., CROSBY, WAIT, FIELD, & DONAHUE, JJ.

*Negligence*, Motor vehicle, Contributory, In use of way, Violation of statute, Proximate cause.   *Proximate Cause.*

At the trial of an action of tort for personal injuries sustained in a collision of automobiles operated, respectively, by the plaintiff and by the defendant on a way constructed in three lanes, 'the center lane not being of sufficient width for two automobiles to pass abreast therein, there was evidence that the automobiles were proceeding in opposite directions, each in its right hand lane and each in a slowly moving line of heavy traffic; that the plaintiff, following two other vehicles, turned into the center lane to pass a slow driver, although he knew that it would be hard to get back into line; that, after the other two vehicles had returned into line, the defendant turned his automobile into the center lane five or six hundred feet away from the plaintiff, driving at forty miles an hour; that, although the plaintiff, whose automobile was in full view of the defendant, slowed down, blew his horn and finally stopped his automobile, partly over the center line of the way, at a time when the defendant was seventy or eighty feet distant, the defendant's automobile without changing its course proceeded at undiminished speed and struck the plaintiff's automobile; that the defendant did not see the plaintiff's automobile until he was fifty feet away from it; that the defendant could have stopped his automobile under existing conditions within twenty or thirty feet; and that the defendant did not apply his brakes.  *Held*, that

  (1) A finding that the defendant was negligent was warranted;

  (2) Assuming that the plaintiff had violated G. L. c. 89, §§ 1, 4, such violation did not warrant a ruling that he was guilty of contributory negligence as a matter of law unless the evidence required a finding that the violation was a proximate cause of his injuries;

  (3) A finding was warranted that, by reason of the extraordinary conduct of the defendant, the collision could not reasonably have been foreseen and anticipated by the plaintiff as a result of such violation;

  (4) It could not properly have been ruled as a matter of law that such violation was a proximate cause of the collision;

  (5) The question, whether the plaintiff was guilty of contributory negligence, was for the jury.

TORT for personal injuries and damage to the plaintiff's automobile.  Writ dated February 1, 1928.

The action was tried in the Superior Court before *Keating,* J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $3,000. The judge reported the action for determination by this court.

*A. E. Yont,* for the defendant.

*H. F. Hathaway,* for the plaintiff.

DONAHUE, J. The plaintiff had been driving his automobile in a southerly direction in a line of slowly moving heavy traffic on the westerly half of a highway which was constructed with a black strip of macadam eight feet wide in the center and a strip of concrete ten feet wide on each side of the macadam. The defendant had been driving his automobile in a northerly direction on the easterly side of the same highway in a similar line of traffic. The road was straight and level and there was an unobstructed view in either direction for not less than six or eight hundred feet. Each driver turned to his left from the strip of concrete on which he had been driving on his right hand side of the road on to the macadam and while travelling on that portion of the highway their automobiles collided. The case is in this court on a report after a verdict for the plaintiff.

There was evidence tending to show that the plaintiff's automobile had left the westerly side of the road and was proceeding on the center strip of macadam when the defendant's automobile entered that area five or six hundred feet away; that the defendant was driving at the rate of forty miles an hour and, although the plaintiff, who was in full view of the defendant, slowed down, blew his horn and finally stopped when the defendant was seventy or eighty feet distant, the defendant's automobile without changing its course proceeded at undiminished speed and struck the plaintiff's automobile in a head-on collision. The defendant testified that he did not see the plaintiff's automobile until it was fifty feet away from him, that he could have stopped his car under existing conditions within twenty or thirty feet, and that he did not apply his brakes. It is plain that there was evidence which warranted the jury in finding that

the defendant's speed was greater than was reasonable and proper under the circumstances (G. L. c. 90, § 17, *Walsh* v. *Gillis*, 276 Mass. 93), that he made no attempt to avert an avoidable collision, and that he was negligent.

The plaintiff introduced evidence tending to show that while he was still travelling in the line of traffic on the concrete strip on the westerly half of the road, two other automobiles which had been behind him pulled out of the line of vehicles on to the macadam strip and passed him. When they had gone two or three hundred feet beyond, he too pulled out of line from behind a slow driver, who was going at the rate of ten or twelve miles an hour, on to the macadam and followed them. After the two automobiles ahead had turned back into the line of traffic on the westerly side of the road, the defendant's automobile turned from the line of traffic on the concrete strip on the easterly portion of the road on to the macadam and collided with the plaintiff's automobile in the manner earlier described. When the plaintiff first pulled on to the macadam he knew that between the two lines of traffic there was not room for two automobiles to pass, he could then see no opening in the half mile of traffic which was ahead of him and knew that it would be hard to get back into the line. He testified that when he saw the defendant's car coming toward him he pulled to his right to within a foot or half a foot of the line of automobiles proceeding on the westerly strip of concrete and that at the time of the collision the right hand side of his automobile was on the macadam strip and "within one foot or closer to" its westerly edge. Witnesses called by the plaintiff testified, in effect, that the left side of the plaintiff's automobile was westerly of the center line of the road when it was struck. We do not here pass upon the contention of the plaintiff that he is not bound by his own testimony as to the position of his automobile but may rely on the differing testimony of his witnesses. *Hill* v. *West End Street Railway*, 158 Mass. 458. *Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163. *Boni* v. *Goldstein*, 276 Mass. 372. For the purposes of this opinion we assume that his automobile was where he testified it was, that is,

that some part of it was across the middle line of the highway, on his left of the center, and further assume that he violated G. L. c. 89, § 1, which required him, on meeting a vehicle, seasonably to drive to the right of the middle of the travelled part of the way, and G. L. c. 89, § 4, which required him, whenever safe and practicable so to do, to keep his vehicle to the right of the middle of the travelled part of the way when there was not an unobstructed view of the road for at least one hundred yards.

While evidence of the violation of a statute or ordinance is admissible on the issue as to whether the violator acted negligently during the period of his violation, it is a proper basis for finding him liable for an injury suffered by another if he is a defendant (*Lane* v. *Atlantic Works*, 111 Mass. 136), or for finding him barred by lack of due care from recovering against another for his own injury if he is a plaintiff (*Moran* v. *Dickinson*, 204 Mass. 559, 562), only if his violation of statute was a direct and proximate cause of such injury. When it is assumed that the plaintiff violated the statutes here invoked by the defendant, the question of causal connection between the plaintiff's violation of the statutes and the plaintiff's injury presents itself. Although the presence of the plaintiff's automobile in the position where it was at the time of the collision in violation of statutes was an essential condition of the accident, it does not follow that its presence there was necessarily the direct and proximate cause of the plaintiff's injury. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596, 604. *Black* v. *New York, New Haven & Hartford Railroad*, 193 Mass. 448, 450. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443, 446. *Moran* v. *Dickinson*, 204 Mass. 559, 562. Violation of a statute by a plaintiff affects his right to recover for the negligence of another only if it contributes to cause his injury. *Bourne* v. *Whitman*, 209 Mass. 155, 168. If a plaintiff's conduct in violation of a statute is such as, in connection with other causes which he ought reasonably to have anticipated, would be likely to produce such an accident, it causally contributes thereto. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596. A violation of a stat-

ute or ordinance is "not an effective and contributing cause of the injury unless in accordance with the usual experience of mankind the result of that violation of law ought to have been foreseen and apprehended. One is bound to anticipate and provide against what usually happens and what is likely to happen, but is not bound in like manner to guard against what is unusual and unlikely to happen, or what, as is sometimes said, is only remotely and slightly probable." *Falk* v. *Finkelman*, 268 Mass. 524, 527. Since the plaintiff's conduct did not conform to statutory requirements, his violation of the statutes was legally a contributing proximate cause of his injury as to all results of such violation which in accordance with the usual experience of mankind ought to have been foreseen and anticipated. If what happened was an occurrence of that character his violation was a cause and not merely a condition of the accident and he cannot recover. There was here evidence which, if believed, would warrant the jury in finding that the operation of his automobile by the defendant was unusual and extraordinary. The evidence of the high speed at which the defendant drove his automobile, of his failure to reduce that speed although the plaintiff's car was in plain sight when distant five or six hundred feet and had actually come to a stop when the defendant's automobile was seventy or eighty feet away, of his failure to see the plaintiff's car at all until within fifty feet of it, and of the failure of the defendant even then to apply his brakes when it might be found that thereby under the existing conditions he could have thus averted the collision, presents a picture of conduct of the defendant which, the jury might find, would not in the usual experience of mankind be foreseen and anticipated. On the evidence it could not have been ruled as matter of law that the violation of the statutes in question was a proximate cause of the plaintiff's injury. As to G. L. c. 89, § 1, see *Coates* v. *Bates*, 265 Mass. 444, 449, and cases cited. As to G. L. c. 89, § 4, this case is distinguishable on the facts from *Thorp* v. *Boston Elevated Railway*, 259 Mass. 415, where the driver of the truck in which the plaintiff was riding persisted in a race to pass in front of a

street car which was at his right, going in the same direction, instead of dropping back to his proper place behind that car, and the street car on the other track which collided with the truck was not driven in any unusual or extraordinary manner. The questions of due care of the plaintiff and negligence of the defendant were properly left to the determination of the jury. In accordance with the terms of the report judgment for the plaintiff must be entered on the verdict.

*So ordered.*