Robbies, J.
This is. an action of tort, the plaintiff’s declaration alleging that on or about February 9, 1945 while the plaintiff’s motor vehicle was .rightfully upon a *39 way in the City of Worcester, known as Perry Avenue, said motor vehicle was struck and damaged by the vehicle operated by the defendant in a negligent manner, to the-damage of the plaintiff.
The only parts, of the defendant’s answer now material are a ¡general denial, a claim of contributory negligence, and an allegation that the plaintiff was engaged in the violation of the law at the time of the accident.
At the trial the plaintiff testified in substance that on or about February 9, 1945 he had parked his automobile in front of Ms residence at 204 Perry Avenue; that there was snow on the ground and the plaintiff had shoveled out a place in front of his house into which he had parked Ms car. that there was a heavy snow fall about this time, the snow being two to two and one-half feet deep in places; that about 1:15 A. M. the plaintiff was awakened by his wife, who had awakened by reason of a noise heard outside; that he looked through .the window and saw a truck pulling away from the place where Ms car was parked; that the plaintiff dressed and went down to the street; -that he saw two women alight from the cab of the truck and the operator also came out from the truck. The operator was identified as the defendant in this case. The plaintiff further testified that Perry Avenue at this point is a private street and a short distance from the plaintiff’s residence, it becomes a dead end street, so that traffic has to turn around; cannot go through. The plaintiff further testified as to the damage done to his. automobile and the fair market value -of the car before the accident and immediately after the accident.
In cross examination, the plaintiff testified that there is a hedge in front of his house .and that the automobile was parked approximately three feet from the hedge; that there is no sidewalk at this point; that the street is about forty *40 feet wide; that at some place in the center of the street there is .a sewer manhole, which is above the street level about five and one-half inches.
In re-direct examination, the plaintiff testified that the manhole and manhole cover in question was located about eighteen feet from the left side of the plaintiff’s car; and that at this time the snow was packed in the street so that the manhole cover was not protruding such as it had been before the snow came down.
Sonja F. Madsen, the wife of the plaintiff, testified that about 1:15 A. M. on February 9, 1945, she heard a noise ■and that she immediately got out of bed and looked out through the window; that she saw a truck side by side of the automobile owned by the plaintiff; that this truck pulled forward then backed up and in backing up, struck the plaintiff’s car and moved it backwards two or three feet.
In cross examination, the witness testified that the noise-woke her up and that when she first saw the truck and the automobile, they were side by side. The truck moved forward and then backed up and backed into- the plaintiff’s automobile.
The defendant testified in substance that he is the- owner and was the operator of the truck involved in the accident; that he was plowing the street; that the snow plow was attached to the front of his truck. He was- plowing the said street under orders of the Worcester Street Department; that s-ome obstruction in the street caught the plow and threw the truck over two or three feet, so that it collided with the plaintiff’s- automobile; that he had two ladies riding with him in the cab- that he had taken from Military Street to their homes in this neighborhood. One of the said women lived in the same house with the plaintiff. The witness testified that before the obstruction mentioned was struck, he had approximately a two or three foot clearance *41 between the right side of the truck and the left side of the plaintiff’s automobile.
Asked in direct examination whether or not he struck the plaintiff’s- automobile again while backing up, the defendant answered, “Not to my knowledge”.
James J. Courtney, called by the defendant, testified that he is employed by the City of Worcester in charge of snow removal; that the defendant, had been assigned Perry Avenue as part of his district for snow removal; that the said-street in question at this place is a private street, which had been open to the public over twenty years; that Chapter 253 of the Acts of 1938 authorizing the plowing of private .streets open to public use was accepted by the City of Worcester in the election of November 1939. That Perry Avenue, where the accident occurred, was designated by the city council-of the City of Worcester as one of the private streets to be plowed. That the snow storm that prevailed at the time of accident was the largest of this past winter, and that one foot of snow fell.
The defendant, at this point, offered in evidence an ordinance of the City of Worcester relative to snow removal which was admitted and marked Defendant’s Exhibit 2 ’ ’. The ordinance reads, as follows:
“AN ORDINANCE PROHIBITING- THE PARKING- OF VEHICLE'S WHICH INTERFERE WITH THE REMOVAL OF SNOW AND ICE AND AUTHORIZING THE REMOVAL OF VEHICLES SO PARKED.
“Be it ordained by the City Council of the City of Worcester as follows:
Section 1. The owner of a vehicle or person in whose name it is registered .shall not .allow, permit or suffer such vehicle to .stand or park in any street, way, highway or parkway under the control of the City of Worcester in such manner as to interfere with the work of removing or plowing snow, or removing ice.
*42 Section 2. For the purpose of removing or plowing snow, or removing ice the- Commissioner of Public Works may remove, or cause to be removed, to some convenient place, including in such term a public garage, any vehicle parked in violation of section one lof tins 'ordinance. The cost of such removal, and. the storage charges, if any, shall be paid by the ■owner of the vehicle to the person or persons so removing or storing such vehicle; provided, however,such charges shall not exceed the- prevailing rates. Section 3. Any persons convicted of violating section one of this ordinance -shall be punished by a fine of not more than twenty dollars.”1
The defendant seasonably filed several requests- for rulings, some of which were given and so-me denied. The only ones now material are the- following three which were denied.
“1. There is no evidence in the case to- warrant a finding of negligence on the part of the defendant which caused the plaintiff’s damage-. 7. The evidence in the case warrants a finding: (a) That the plaintiff at the time of damage to his motor vehicle- was violating a city ordinance prohibiting the parking of vehicles which interfere with the removal -of snow and ice, which violation is evidence of negligence on the part of the plaintiff. (b) That the plaintiff -a;t the time of damage to his motor vehicle was violating a city ordinance prohibiting the parking of vehicles which interfere- -with the removal of snow and ice, which violation contributed directly to the- plaintiff’s damage.”
Upon all the evidence the Court found for the plaintiff and assessed damages in the amount of $214.27. The Court, however, made no finding of facts. .
The defendant claims to he aggrieved by the denial of said requests.
As to the denial of the ruling that there- was no evidence .to warrant a finding that the defendant was negligent, the evidence clearly justified the denial. The report shows that *43 the plaintiff’s wife testified she saw the defendants' truck pull forward from a position beside the plaintiff’s car, and then bade up and strike the car so as to move it backward two or three feet. Regardless of any earlier collision, this was evidence of negligence and the requested ruling could not have been given.
In considering the denial of requested rulings 7a and 7b the question is as to the effect of any violation of a criminal statute or ordinance by the plaintiff. Where such illegal act is a mere condition recovery is 'allowed. Newcomb v. Boston Protective Dept., 146 Mass. 596; Bourne v. Whitman, 209 Mass. 155; Todd v. Traders & Mechanics Ins. Co., 230 Mass. 595; Farr v. Whitney, 260 Mass. 193; Falk v. Finkelman, 268 Mass. 524; Perry v. Standfield, 278 Mass. 563; Wall v. King, 280 Mass. 577. But where the illegal act is a contributing cause recovery is denied. Jones v. N. Y. N. H. & H. R. R., 275 Mass. 139; Millbury v. Turner Centre System, 274 Mass. 358; Baggs v. Hirschfield, 293 Mass. 1. It is also law that the violation of a criminal ordinance is evidence of negligence. Millbury v. Turner Centre System, 274 Mass. 358; Baggs v. Hirschfield, 293 Mass. 1, and if a violation of such an ordinance would seem likely to lead to the damage suffered, the violation can more readily be considered to be a contributing proximate cause. Falk v. Finkelman, 268 Mass. 524, 527; Wall v. King, 280 Mass. 577, 581.
In this case from the evidence reported, the finding of the following facts was warranted: that the City of Worcester accepted an act of the legislature, authorizing the plowing of private streets open to public use, and that Perry Avenue on which the accident occurred, was such a private street having been open to the public for over twenty years and having been designated by the city as one of the private streets to be plowed; that a city ordinance *44 prohibited the owners, of vehicles from allowing .their vehicles to stand in any street, way, or highway under the control of the city so as to interfere with the work of removing, or plowing snow; that one of the largest snow storms of the .season was prevailing during the night of the accident; .that the plaintiff was informed of a radio broadcast warning automobile owners not to park in the streets during said night; that the plaintiff’s home was on said Perry Avenue; that there was no sidewalk on said street or avenue and that the street was about forty feet wide; that there was a hedge in front of the plaintiff’s house- and that the plaintiff on this night parked his car in the street in front of his house at about three feet from the hedge; that the defendant was the owner and operator of the truck which was in collision with the plaintiff’s automobile ; that said truck, heavily weighted with sand, had a snow plow attached to its front end; that the defendant was employed by the city to plow Perry Avenue under orders of the Worcester Street Department and was so plowing when the accident occurred; that in some manner the defendant’s truck came into collision with plaintiff’s automobile and damaged it.
In lour opinion this evidence warranted, even if it did not require, a finding that the plaintiff at the time of the damage to his motor vehicle was violating a city ordinance prohibiting the parking -of vehicles so as to interfere with the removal of snow, which violation was evidence of negligence and which violation contributed directly to the plaintiff’s damages. That such findings' were warranted was what the defendant asked for in his requested rulings1 7a and 7b.
The Trial Court might have given these rulings and still have found for the plaintiff, but without any findings of fact by the Trial Court that the plaintiff was not violating the ordinance we are unable to say that the-denial of these requested rulings was harmless. There must he a new trial.