*Municipal Court of the City of Boston*

No. 469046

**MARY T. MOONEY, ET AL**

v.

**METROPOLITAN COAL CO.**

(April 24 — May 6, 1959)

*Present:* Adlow, C. J., Gillen and Roberts, JJ.

Case tried to *Shamon, J.*

*Roberts, J.* This is an action of tort in which the plaintiff, Helen Mooney, seeks to recover damages for injuries sustained while she was a passenger in a motor vehicle that collided with the defendant's oil truck which was double-parked on a public highway in the city of Cambridge. The defendant pleaded a general denial, and contributory negligence.

On January 6, 1957 at about 11:20 a.m. the plaintiff, Helen Mooney, was riding as a passenger in a motor vehicle driven by her daughter, the plaintiff Mary T. Mooney. The car was proceeding along Massachusetts Avenue toward Boston, and while the weather was clear and the sun was out the roadway was "rutted with snow and ice". The plaintiff driver testified that she saw an oil truck to her right double-parked, and that in passing it her car "lurched and hit the truck with a bang." An ordinance of the city of Cambridge prohibiting double parking was

put into evidence and its validity is not in question.

The defendant operator testified that after parking "he was standing across the street talking to his brother" when the collision occurred. He gave evidence of contributory negligence of the plaintiff operator, Mary T. Mooney, and the trial court found for the defendant in that case.

In the case of Helen Mooney, the passenger, there was a finding for the plaintiff, and this action is here on the denial of the defendant's third request for ruling which appropriately raises the only question argued.

Stated concisely, the defendant concedes that in double parking on a public way the defendant's agent violated a city ordinance and that such violation was evidence of the defendant's negligence, but contends that this act of negligence was not the proximate cause of the plaintiff's injuries.

It argues that this violation was a condition and not the proximate cause in that the defendant driver as a reasonable man was not required to foresee that an accident would happen in the manner in which it did.

██ Correctly given, the rule is that the violation of a penal statute or of a valid ordinance, rule or regulation is evidence of negligence as to all consequences that were intended to be prevented. *Baggs v. Hirschfield,* 293 Mass. 1, 203.

██ It is equally true that such violation, like other negligence, is without legal consequence unless it is a proximate cause of the

injury. *Wall v. King,* 280 Mass. 577. Generally whether the violation is a mere circumstance or a cause is a question of fact. *Kralik v. LeClair,* 315 Mass. 323-326. A casual connection may be found upon one of two theories. — First, if "the negligence of the earlier wrongdoer remained a dangerous force until the negligence of the late wrongdoer concurred and combined with it to cause injury" or secondly, "that the earlier wrongdoer ought to have foreseen that his negligence would be followed by negligence of another resulting in injury, and consequently that in law the act of that other is the act of the original wrongdoer because it is the natural and probable consequence of his wrongdoing." *Morrison v. Medaglia,* 287 Mass. 46, 49-50.

While there are numerous precedents bearing on this issue there are some apparent difficulties in application and we are inclined to the view that the circumstances of this case do not bring it within the cases of either *Kralik v. LeClair,* 315 Mass. 323 or *Falk v. Finkelman,* 268 Mass. 524, relied on by the defendant.

In the *Kralik* case, the defendant operator parked his tractor trailer "partly on and partly off" a public way in violation of state regulations, the roads were dry and the plaintiff driver lost control of his tractor trailer which was being driven at an excessive speed and the damage to the plaintiff's tractor was caused by coming in contact with trees which were knocked over. *Falk v. Finkelman* is even

less applicable to the circumstances of the instant case for the defendant there was an unlawful occupant of a parking space.

▇▇▇ The trial court was warranted under the circumstances in finding that the proximate cause of the plaintiff's injuries resulted from the violation of the Cambridge ordinance against double parking. Certainly it cannot be said that the ordinance was not in the interest of the public safety and convenience and that its violation might under certain conditions even amount to a nuisance. The circumstances in this case where the road was "rutted with snow and ice", making the passing of motor vehicles on the public way hazardous, and while this condition prevailed the defendant driver as a reasonable prudent person ought to have apprehended and foreseen that passing traffic might become rutted and lurch and come into collision with his oil truck. In the light of common experience, such a collision cannot be said to be unlikely where an oil truck was heedlessly as well as unlawfully parked and occupying a substantial portion of the travelled way, and where the icy, rutted road made the maneuverability of cars passing difficult and somewhat hazardous if not actually dangerous.

A *majority* of this court are of the opinion that this case comes clearly within the decision of *Milbury v. Turner Centre System,* 274 Mass. 358; *Lane v. Atlantic Works,* 111 Mass. 136; *Rea v. Checker Taxi,* 272 Mass. 510; *Wall v. King,* 280 Mass. 577; *Baggs v.*

*Hirschfield,* 293 Mass. 1. See also *Morrison v. Medaglia,* 287 Mass. 46.

*Report dismissed.*

Chief Justice Adlow dissents.

Paul J. McCormack, of Boston, for the Plaintiff.

A. R. Sigourney, of Boston, for the Defendant.