## Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Hazel Lindsay.

1. Proximate Cause—*Breach of Duty Must Be Proximate Cause of Injury.*—The breach of duty upon which an action for an injury can be maintained must be the proximate cause of the damages to the plaintiff.

2. Same—*Defined.*—The proximate cause of an event is that which, in a natural and continuous sequence, unbroken by any new and independent cause, produces that event, and without which that event would not have occurred.

3. Same—*Defendant Liable fo ' Natural Result of His Conduct.*—Every defendant shall be held liable for all of those consequences which might have been seen and expected as the result of his conduct, but not for those which he could not have foreseen, and was therefore under no moral obligation to take into consideration.

Action for Damages, resulting from a runaway team. Appeal from the Circuit Court of Crawford County; the Hon. EDMUND D. YOUNGBLOOD, Judge presiding. Heard in this court at the February term, 1903. Reversed with a finding of facts. Opinion filed September 10, 1903.

C. S. CONGER, attorney for appellant.

BRADBURY & MACHATTON, attorneys for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Appellee brought suit before a justice of the peace and recovered judgment against the appellant for injuries to a horse, wagon and harness, the result of a runaway of a team of horses, driven by appellee's son. Trial in the Circuit Court on appeal again resulted in a verdict and judgment against the appellant for $90, from which an appeal was taken to this court.

There is no conflict of evidence as to any material fact in issue.

It appears from the evidence that north of Flat Rock Station on appellant's road, which is in line north and south, is a side track several hundred feet in length parallel to the main track and west of it. Enclosing the right of way on both sides is a barbed wire fence. Across the right of way at right angles and over the main and side track is a private crossing properly constructed, with gates through the appellant's right of way fences. Everett Lindsay, a son of appellee, started home from the field in which he had been working, driving his father's team of horses and a wagon. He approached the railway track from the west, passing through the gate in the west right of way fence and on to the private crossing. When he reached the side track he found it blocked by cars, which had been there for a day or two. To pass the cars, twenty-five or thirty in number, cross the track and reach the gate on the opposite side, he turned his team and drove north on the right of way between the side track and the barbed wire fence enclosing the right of way on the west, to a point about half the distance covered by the cars standing on the side track. At

this time a freight train coming from the north passed by on the main track. The team was frightened by the train, ran away, and into the barbed wire right of way fence, resulting in injury to one of the horses, the wagon and harness. Young Lindsay says he could see the train coming when it was about 150 yards away, and as it passed by where he was, the cars on the side track were between himself and the train and they in part deadened the sound of the train.

At close of plaintiff's testimony and again at the close of all the testimony, defendant moved for a peremptory instruction and excepted to the ruling of the court in refusing the same. Errors are assigned upon this ruling, and upon the giving and refusal of other instructions, and the denial of a motion to dismiss for want of jurisdiction in justice of the peace court.

The right of action, the claim for damages in this case, is based upon the statutory duty of the appellant to maintain and keep clear the private crossing, and its negligence in obstructing the same with cars on the side track, thus preventing the rightful use of the crossing by the appellee. There is nothing in the evidence suggestive of wrongful or negligent act of appellant's servants in the management or speed of the moving train.

That the breach of duty upon which an action for an injury can be maintained must be the proximate cause of the damages to the plaintiff, is an accepted general proposition of law, requiring no citation in support. Controversy and apparent conflict of opinion arises in discussing its application to the facts in a given case.

" The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new and independent cause, produces that event, and without which that event would not have occurred." Shearman and Redfield on Neg., Sec. 26.

" The rule is that every defendant shall be held liable for all of those consequences which might have been seen and expected as the results of his conduct, but not for those which he could not have foreseen, and was, therefore, under

no moral obligation to take into consideration." Braun v. Craven, 175 Ill. 401; Peoria v. Adams, 72 Ill. App. 662.

In this case we are of opinion that the damages proved are not the natural and proximate consequence of the negligent act of the appellant; that the obstruction of the private crossing was not the proximate cause of the runaway of the team and the consequent injury. It may not be said that the cars upon the side track, the diversion of the appellee's son from his course to a dangerous position on the right of way, between the track and a barbed wire fence, the coming of a train, the fright of the horses and their running away, are so intimately and naturally connected in order of sequence, the first with the last, as to warrant a holding that the obstruction of the private crossing was the proximate cause of the damages resulting from the runaway team. The fright and runaway of the team was the immediate cause of the injury. Nothing charged as negligence in appellant caused this. Whether rightfully or wrongfully upon appellant's right of way, the fright of appellee's horses, the inability of the driver to control the same, and the consequent damages, were not events reasonably to have been expected from an obstruction of the crossing.

The trial court should have given the peremptory instruction requested by the appellant, and for the error in refusing the same the judgment is reversed with a finding of facts.

Finding of Facts to be incorporated in the judgment:

It is found as a fact that the negligence of appellant in leaving cars upon the side track and the obstruction of the private crossing was not the proximate cause of the damages claimed.