Suttir et al. v. Indemnity Co. of A., St. Louis, Mo., 226 Ill. App. 214.

time subjects it to the payment of a fine. (Id., sec. 28a124, Cahill's Ill. St. ch. 32, ¶ 152.)

Our conclusion is that the court did not err in instructing the jury to find for the plaintiff. There were no disputed facts for the jury to pass upon. Accordingly the judgment of the circuit court is affirmed.

*Affirmed.*

BARNES, P. J., and MORRILL, J., concur.

---

George Suttir and Peter Suttir, trading as George Suttir & Brother, Plaintiffs in Error, v. Indemnity Company of America, St. Louis, Missouri, Defendant in Error.

### Gen. No. 27,099.

INSURANCE—*duty of insured to minimize loss.* A fire which destroyed the building adjoining that in which plaintiff stored its truck and so weakened the walls thereof that they fell during a windstorm five days after the fire and damaged the truck, is not the proximate cause of such damage within a policy insuring plaintiff against loss from fire arising from any cause whatsoever, where it appears that plaintiff, with knowledge of the weakened condition of the walls, did not remove the truck to a place of safety, but used it daily in business and returned it nightly to its position of danger, the loss occurring on the fifth night after the fire.

Error to the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Affirmed. Opinion filed October 3, 1922.

GUSTAV E. BEERLY, for plaintiffs in error; ELLIS S. CHESBROUGH, of counsel.

BATES, HICKS & FOLONIE, for defendant in error.

MR. JUSTICE MORRILL delivered the opinion of the court.

Plaintiffs in error brought suit in the municipal court of Chicago to recover the loss sustained by them s the result of damages to their automobile truck, which had been insured by a policy issued by defendant in error against loss by fire. The case was tried by the court without a jury. There was a finding and judgment for defendant, for the review of which this writ of error has been prosecuted. No propositions of law or fact were submitted by either of the parties.

The statement of claim alleged that defendant insured plaintiffs' automobile against fire arising from any cause whatsoever; that while the policy was in full force and effect on November 24, 1919, a fire originated in the building adjoining that containing the insured property, by which the automobile covered by the policy was damaged; that the value of the automobile was $1,400 and that due notice of the loss was given on January 20, 1920, in accordance with the terms of the policy, and that defendant had neglected and refused to pay the damages. Defendant's affidavit of merits denied that defendant insured plaintiffs in manner and form as alleged and charged that if plaintiffs suffered any damage to their automobile at the time mentioned, it was by windstorm, which was not a peril covered by the policy.

The policy contains a statement by insured that the automobile was usually kept in a public garage, but the evidence shows that when not in use it was kept in a store at 2217 Grand avenue, which was one story in height and constructed by extending a roof from the west wall of the building at 2215 Grand avenue to the east wall of the building at 2219 Grand avenue, owned by one Christiansen and used as a factory for cabinet work. One of the plaintiffs described the structure as "just a roof between two walls." On Monday, November 24, 1919, a fire occurred in the Christiansen factory which consumed practically the

entire building, leaving only the east wall and a small part of the office adjacent thereto. The fire burned intermittently for several days and water was poured upon it until November 28, 1919.

The truck was taken from the building and used by plaintiffs daily from Tuesday, November 25, to Saturday, the 29th. On the evening of the 29th it was returned to the building by one of the plaintiffs. Shortly afterwards the wall of the Christiansen building fell, the debris broke through the roof of the store where the truck was placed and wrecked the truck. Plaintiffs expended $1,400 in having it rebuilt. Due proof of loss was given to defendant, which refused to pay the claim, contending that the loss alleged was not caused by fire and was not covered by the policy. There is no dispute as to the proof of loss and the only question presented is, whether or not the fire was the proximate cause of the loss.

The evidence further shows that on the evening of November 29, 1920, the velocity of the wind at the government station 300 feet above the street level between the hours of 7 and 8 p. m. averaged 39 miles an hour, with a maximum of 49 miles an hour. It is conceded that the wind velocity may have been less at the street level. A number of witnesses stated that November 29, 1919, was a stormy, windy, autumn day, but it does not appear that any of them considered the wind was anything unusual considering the season of the year. The judgment indicates a finding of the court that the fire was not the proximate cause of the loss. This is the only disputed question before us for determination.

It is well established that a fire may be regarded as the immediate or proximate cause of a loss in many cases where the insured property is not actually ignited or consumed by the fire. Accordingly, it has been held that the insurer is liable when the damage has been occasioned by the falling of the wall of an

adjoining building in which the fire occurred. This rule was followed, although a considerable period of time had elapsed between the day of the fire and that of the falling of the wall. If under all the circumstances the parties to the contract of insurance could have reasonably foreseen that a fire might leave the adjacent wall unsupported, subject to the action of the wind, and that it might be blown over and fall upon the insured building, such a contingency was an element in the risk. In order to constitute the fire the proximate cause of the loss through the falling of a wall of the adjacent building where the fire occurred, it is not necessary that the fire should be the sole cause or the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which, in combination with it, produces the loss, or if it sets in motion a chain of circumstances and operates on them in a continuous sequence, unbroken by a new or independent cause. *Johnston v. West of Scotland Ins. Co.,* 7 Sess. Cas. 52; *Russell v. German Fire Ins. Co.,* 100 Minn. 528; *Western Assurance Co. v. Hann,* 201 Ala. 376.

In all of these cases the insured property remained in the same position during the entire period intervening between the fire and the falling of the adjacent wall. During this period the property may fairly be said to have been "in the grip of the casualty." *Leyland Shipping Co., Ltd. v. Norwich Union Fire Ins. Society,* L. R. [1918] App. Cas. 350. There was a continuity of operation of the original cause upon the insured property. This feature distinguishes these authorities from the case at bar. In *Johnston v. West of Scotland Ins. Co., supra,* the rule was applied in the case of damage to personal property through the falling of the wall of an adjacent building in which a fire had occurred two days before, but the circumstances were such that the owner of the property insured could not be charged with

negligence in failing to remove his goods. His duty in that respect does not appear to have been the subject of consideration by either court or jury. The judgment against the insurer was based entirely upon the special finding of the jury to the effect that the fire was the proximate cause of the loss, while in the case at bar, the finding of the court was to the contrary. In *Western Assurance Co. v. Hann, supra,* personal property was insured and the court held that the question of whether or not the insured was guilty of negligence in failing to remove his goods from danger was for the jury to decide.

In an early case in this State, cited by plaintiffs in error, it is stated that an insurer is liable only for direct losses occasioned by any peril covered by the policy and not for remote or consequential losses. Accordingly, the insurer was held liable for a loss incurred in the removal of the insured property since the danger of its destruction by fire was so direct and immediate that a failure to remove the goods while the owner had the power to do so would have been negligence on his part. Under such circumstances the fire may be regarded as the proximate cause of the loss that was sustained. *Case v. Hartford Fire Ins. Co.,* 13 Ill. 676. In that case the insured was obligated in case of loss or damage by fire to use all possible diligence to preserve his goods. There was no such provision in the policy involved herein, but in the absence of such a stipulation in the policy, the failure of the insured to take reasonable care to avoid loss may defeat a recovery under the policy. Outside of any clause in a policy, it is the duty of the insured to do all that he reasonably can to make the loss as small as possible. *Phoenix Ins. Co. v. Mills,* 77 Ill. App. 546; *Lycoming Fire Ins. Co. v. Rubin,* 79 Ill. 402; *Wolters v. Western Assurance Co.,* 95 Wis. 265; *Chandler v. Worcester Mut. Fire Ins. Co.,* 3 Cush. (Mass.) 328. The mere existence of an insur-

ance policy does not justify carelessness in failing to protect the insured property from loss.

It is contended by defendant in error that the inspection of the wall and the work which was done upon the ruins, coupled with plaintiffs' reliance upon the result of the inspection and the daily removal of the insured property from and its return to a place of danger, intervened and cut short the operation of the fire as the proximate cause. If the sequence of events arising from the original cause was interrupted so that the insured property did not remain within the line of causation, an independent intervening cause becomes the proximate cause. To enable the plaintiffs to recover in this case, an unbroken connection between the fire and the damage to the automobile must be shown. *Seith v. Commonwealth Electric Co.*, 241 Ill. 261; *Cleveland, C., C. & St. L. Ry. Co. v. Lindsay*, 109 Ill. App. 533.

The condition of the east wall of the Christiansen factory was well known to plaintiffs. The wall had been weakened by the fire and was left in a position so that a gale which would otherwise not cause it to fall was effective to accomplish that purpose. On the day after the fire the automobile was removed by the owners from its dangerous position and was voluntarily returned by them to that position at the close of the day. This was done on several succeeding days, so that it seems clear that the insured property was not "in the grip of the casualty" during the period intervening between the fire and the falling of the wall. By the exercise of ordinary care the insured could have prevented any loss, and their failure in that respect was sufficient to prevent a recovery. Under these circumstances we are of the opinion that the judgment of the trial court was correct. The question of plaintiffs' negligence, as well as that of proximate cause, was one of fact. *Waschow v. Kelly Coal Co.*, 245 Ill. 516. The finding was not contrary

to the manifest weight of the evidence. The line of causation was interrupted, which justified the trial court in concluding that the fire was not the proximate cause of the loss.

The judgment of the municipal court is affirmed.

*Affirmed.*

BARNES, P. J., and GRIDLEY, J., concur.