## Ruth C. Munden, Appellee, v. East St. Louis Light & Power Company, Appellant.

1. NEGLIGENCE—*when directed verdict proper.* The jury in an action for negligence should be directed to return a verdict for the defendant where there is no conflict in the evidence and the court can clearly see that the injury was the result of the negligence of the person injured.

2. NEGLIGENCE—*contributory negligence in not avoiding known danger.* A person knowingly exposing himself to danger cannot recover for an injury which he might have avoided by the use of reasonable precaution.

3. NEGLIGENCE—*liability for unforeseen consequences.* A person is liable for all of the consequences which might have been foreseen and expected as the result of his conduct, but not for those which he could not have foreseen, and is, therefore, under no moral obligation to take them into consideration.

4. NEGLIGENCE—*failure of sales demonstrator to release housewife's fingers from electric wringing machine.* A sales demonstrator is not negligent in not promptly releasing the fingers of a housewife from the revolving rolls of an electric wringing machine in her home, which fingers were caught upon her placing them on the rolls to inspect the same without warning of her intention and with nothing in her conduct or speech which would suggest or require warning or watching, the salesman being engaged nearby in folding a rug for use in the machine.

5. NEGLIGENCE—*want of care of housewife placing fingers on rolls of electric wringing machine.* A housewife placing her fingers on the revolving rolls of an electric wringing machine to inspect the same in dim light during a sales demonstration in her home, and who knew what function the wringer was performing and that the motor was running and the rolls operating a short time prior to her action, is injured by her own want of ordinary care.

Appeal by defendant from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the October term, 1927. Reversed with finding of facts. Opinion filed January 20, 1928.

McGLYNN & McGLYNN, for appellant.

FARTHING & FARTHING, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This is an appeal from a judgment of the city court of East St. Louis rendered against appellant for the sum of $1,000 for personal injury suffered by appellee.

The declaration charged that appellant so carelessly, negligently and improperly managed, operated and used a certain electric driven wringer, attached to a washing machine, that appellee, while using due care and diligence for her safety, caught her hand in said wringer and injured the same.

Plea of general issue was filed and, upon trial before a jury, a verdict was rendered in the sum of $1,250, and, upon motion for a new trial, the court required a remittitur of $250, and judgment was entered for $1,000.

Appellee, 32 years of age, was living with her husband at East St. Louis, Illinois. The injury to appellee occurred in the basement of her home. Appellant sent its agent, Mr. Bahr, to the home of appellee for the purpose of demonstrating to appellee a used electric washing machine and wringer for the purpose of trying to make a sale thereof to appellee.

Prior to the accident the electric current had been turned on, and the wringer attachment was being operated by an electric motor. The wringer consisted of two rubber rolls mounted on an iron shaft, and by means of a lever the rolls could be operated in either direction. Appellee furnished Bahr with a rag rug for the purpose of demonstrating the ability of the wringer to take large objects backward and forward through the rolls, while the same were being turned by the electric motor.

During the demonstration of the machine, Bahr was standing close to the machine, operating the various levers thereon, and explaining the same to appellee, who was sitting on a bench about 10 feet from the machine. Just prior to the injury, Bahr had drawn the rug through the rolls of the wringer, and was in the act of folding the same for the purpose of running it again through the revolving rolls, when appellee arose from the bench, on which she was sitting, walked over to the wringer, and stuck her finger on the rolls, which immediately pulled it through, causing a serious injury thereto.

Appellee testified that, while she was sitting on a bench observing Bahr passing the rug backward and forward through the rolls of the wringer, she noticed that the rug caught and would not go through; that she thought there was a hole in the rubber roll, or a spot two or three inches wide, and she immediately, without saying anything to Bahr, who was standing on the opposite side of the machine, walked over to it, placed her index finger on the roll, and that it was jerked into the wringer; that she screamed, and her husband, who was some distance away in the basement, came over and released the wringer; that the accident occurred about nine o'clock in the morning, in July, and there was not sufficient light in the basement for her to determine whether the rolls were actually moving; that she had observed Bahr manipulate the levers to reverse the operation of the rollers while putting the rug through; that she knew just before she walked to the machine that the rolls were operating in a direction toward Bahr; that Bahr had explained how the wringer could be reversed on the vertical shaft that it was fastened to, and she knew how to turn the current on and off from the electric motor from what Bahr told her; that she deliberately put her finger on the rolls for the purpose of determining the cause of the dark spot; that, before doing so, she

FOURTH DISTRICT—JANUARY, 1928.       273

Munden v. East St. Louis Light & Power Co., 247 Ill. App. 270.

made no inquiry or advised Bahr in any way what she was about to do; that she knew that, if her finger became caught in the rolls while moving, she would be liable to be hurt.

Bahr testified that he explained to appellee the various levers and manner of operation; that just before the accident he had pulled the rug through the moving rolls, and, while the machine was operating toward him and he was in the act of again folding the rug for the purpose of putting it through the rolls, appellee, without saying anything to him, walked toward the machine, and got her finger caught in the rolls before he had finished folding the rug; that she hollered, and he immediately released the clasp, which holds the rollers together; that there was sufficient light in the basement to see the operation of the machine.

At the close of appellee's evidence, and again at the close of all the evidence, appellant offered its peremptory instruction to find it not guilty, which the court refused, and the question is presented of whether or not appellee is guilty of such contributory negligence that bars recovery.

Although it is true that the question of contributory negligence is ordinarily a question for the jury, yet, when there is no conflict in the evidence, and the court can clearly see that the injury was the result of the negligence of the party injured, it should not hesitate to instruct the jury to return a verdict for the defendant. (*Beidler v. Branshaw*, 200 Ill. 425.)

A party has no right to knowingly expose himself to danger, and then recover damages for an injury which he might have avoided by the use of reasonable precaution. (*Lovenguth v. City of Bloomington*, 71 Ill. 238; *North Chicago St. R. Co. v. Cossar*, 203 Ill. 608.)

Appellee knew, prior to the accident, what function the wringer was performing, for she had observed

the operation of the rug being pulled backward and forward through the rolls. She knew that the motor was running, and that the rolls were operating a short time before she placed her finger thereon, and even if, as she says, the light was dim, it is all the more reason why she should use more caution about placing her fingers upon moving machinery, and why she should use due care to ascertain if the particular part she desired to inspect was in motion. Common prudence required that inquiry should have been made by her to ascertain if it were safe to make manual inspection.

It is clear that either appellee's carelessness or inadvertence caused her finger to be caught between the rolls, and for conduct of this kind appellant would not be liable.

The rule is that every defendant shall be held liable for all of those consequences which might have been foreseen and expected as the results of his conduct, but not for those which he could not have foreseen, and is, therefore, under no moral obligation to take into consideration. (*Braun v. Craven,* 175 Ill. 401; *Cleveland, C., C. & St. L. Ry. Co. v. Lindsay,* 109 Ill. App. 533.)

Appellee gave no warning of her intention to do what she did when she placed her finger upon the roll. There was nothing in her conduct or speech which would suggest or require warning or watching. There was no evidence tending to show any negligence or improper conduct upon the part of appellant prior to appellee placing her finger in a dangerous place, and appellee's charge of subsequent failure of appellant's agent to more promptly release appellee from her predicament cannot reasonably be said under the evidence in this record to establish negligence against appellant.

For the reasons above stated, the judgment of the city court is reversed, and the clerk directed to include the following finding of facts in the judgment, viz:

The court finds that the injuries received by appellee were not caused by reason of the negligence of appellant, and that appellee was injured by reason of her own want of ordinary care.

*Reversed with finding of facts.*